UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH TUMINELLO,                                          Civil Action No.: 13 civ 938

                     Plaintiff,

   -against-                                                         **ANSWER**

AETNA LIFE INSURANCE COMPANY,            DOCUMENT
                                         ELECTRONICALLY FILED
                     Defendant.
------------------------------------------------------------------X

      Defendant, AETNA LIFE INSURANCE COMPANY ("Aetna"), by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated February 7, 2013, respectfully sets forth the following upon information and belief:

      FIRST:     Denies each and every allegation contained in paragraph "1" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff was a participant in the Long-Term Disability Plan for Employees of the Bank of America Corporation (the "Plan").

      SECOND:     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the plaintiff's Complaint.

      THIRD:     Admits the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint.

      FOURTH:     Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna issued to The Bank of America Corporation ("BOA") a group long-term disability ("LTD") policy of insurance (the "Policy") for its eligible employees, that benefits under the Plan were funded by

this Policy and that Aetna acted as the claim administrator for the Plan pursuant to a full grant of discretionary authority in the Plan document.

   FIFTH:  Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that defendant is an insurance company licensed to write insurance within the State of New York and is a business entity doing business within the Southern District of New York.

   SIXTH:  Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331.

   SEVENTH:  Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that venue in the Southern District of New York is proper.

   EIGHTH:  Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged  and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff was a participant in the Plan.

   NINTH:  Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint.

   TENTH:  Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Aetna administered all claims for Plan benefits pursuant to a grant of full discretionary authority in the Plan documents.

   ELEVENTH:  Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Aetna issued the Policy to BOA to fund benefits under the Plan.

TWELFTH:   Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

THIRTEENTH:   The allegations of paragraph "13" of plaintiff's Complaint relate to questions of law to which no response is required.  To the extent a response is required, Aetna admits that the Plan documents grant it full discretionary authority to adjudicate claims for Plan benefits and to interpret all Plan terms.

FOURTEENTH:   Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint.

FIFTEENTH:   Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH:   The allegations of paragraph "16" of plaintiff's Complaint relate to questions of law to which no response is required.  To the extent a response is required, Aetna admits that the Plan documents grant it full discretionary authority to adjudicate claims for Plan benefits and to interpret all Plan terms.

SEVENTEENTH:   Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff was employed by BOA as a "Securities Production Salesperson."

EIGHTEENTH:   Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, except admits that Securities Production Salesperson is classified under the Dictionary of Occupational Titles as a sedentary occupation.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, except admits that plaintiff ceased actively working on February 6, 2009.

TWENTIETH: Admits the truth of each and every allegation contained in paragraph "20" of the plaintiff's Complaint.

TWENTY-FIRST: Admits the truth of each and every allegation contained in paragraph "21" of the plaintiff's Complaint.

TWENTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, except admits that plaintiff received short term disability ("STD") benefits under his employer's STD plan.

TWENTY-THIRD: Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff filed a claim for LTD benefits under the Plan and that Aetna adjudicated that claim pursuant to the terms, conditions, limitations and exclusions set forth in the Plan.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated November 21, 2010, Aetna denied Thomas's claim for LTD benefits under the Plan and also advised him of his right to seek a review of that determination on administrative appeal within 180 days from the date of that letter.

TWENTY-FIFTH: Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, including the applicable definition for "disability."

TWENTY-SIXTH: Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

TWENTY-SEVENTH: Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff timely sought review of his denial claim by filing his appeal.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff timely sought relief of his denial claim by filing his appeal.

TWENTY-NINTH: Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTIETH: Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by

Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIRST: Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SECOND: Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

THIRTY-THIRD: Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits Dr. Schnur, an independent peer review consultant, reviewed plaintiff's medical records and issued a report of his findings and opinions.

THIRTY-FOURTH: Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Dr. Wallquist, an independent peer review consultant, reviewed plaintiff's medical records and issued a report of his findings and opinions.

THIRTY-FIFTH: Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by

NY/1252512v1

Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Dr. Weinstein, an independent peer review consultant, reviewed plaintiff's medical records and issued a report of his findings and opinions.

THIRTY-SIXTH: Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except denies Edward Klotz, M.D. performed a peer review or rendered any report with respect to plaintiff's claim.

THIRTY-SEVENTH: Admits the truth of each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

THIRTY-EIGHTH: Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated February 19, 2012, Aetna advised plaintiff that it had upheld its original adverse determination following its review on administrative appeal.

THIRTY-NINTH: Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated February 19, 2012, Aetna advised plaintiff that its decision was final and not subject to further review.

7

NY/1252512v1

FORTIETH:            Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint.

FORTY-FIRST:         Admits the truth of each and every allegation contained in paragraph "41" of the plaintiff's Complaint.

FORTY-SECOND:        Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-THIRD:         Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-FOURTH:        Denies each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-FIFTH:         Denies each and every allegation contained in paragraph "45" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NY/1252512v1

FORTY-SIXTH: Denies each and every allegation contained in paragraph "46" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SEVENTH: Denies each and every allegation contained in paragraph "47" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-EIGHTH: Denies each and every allegation contained in paragraph "48" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-NINTH: Denies each and every allegation contained in paragraph "49" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTIETH: Denies each and every allegation contained in paragraph "50" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the

NY/1252512v1

regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

   FIFTY-FIRST:  Denies each and every allegation contained in paragraph "51" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

   FIFTY-SECOND:  Denies each and every allegation contained in paragraph "52" of the plaintiff's Complaint.

   FIFTY-THIRD:  Denies each and every allegation contained in paragraph "53" of the plaintiff's Complaint.

   FIFTY-FOURTH:  Denies each and every allegation contained in paragraph "54" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits Aetna denied plaintiff's claim for Plan LTD benefits because he failed to submit proof demonstrating that he met the Plan's definition for "disabled."

   FIFTY-FIFTH:  Denies each and every allegation contained in paragraph "55" of the plaintiff's Complaint.

   FIFTY-SIXTH:  Denies each and every allegation contained in paragraph "56" of the plaintiff's Complaint.

   FIFTY-SEVENTH:  Denies each and every allegation contained in paragraph "57" of the plaintiff's Complaint.

NY/1252512v1

FIFTY-EIGHTH:   Admits the truth of each and every allegation contained in paragraph "58" of the plaintiff's Complaint.

FIFTY-NINTH:   Denies each and every allegation contained in paragraph "59" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTIETH:   Denies each and every allegation contained in paragraph "60" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTY-FIRST:   Denies each and every allegation contained in paragraph "61" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

### AETNA'S RESPONSE TO PLAINTIFF'S COUNT I: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

SIXTY-SECOND:   In response to paragraph "62" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "61" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-THIRD:   Denies each and every allegation contained in paragraph "63," including sub-parts "a through d" of the plaintiff's Complaint.

### AETNA'S RESPONSE TO PLAINTIFF'S COUNT II: ATTORNEY FEES AND COSTS

SIXTY-FOURTH:   In response to paragraph "64" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "63" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-FIFTH:   Denies each and every allegation contained in paragraph "65" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-SIXTH:   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Aetna.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

SIXTY-SEVENTH:   This action, and each claim asserted therein, is barred by the expiration of the limitation of actions period set forth in the Plan.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

SIXTY-EIGHTH:   Plaintiff's Complaint must be dismissed because each cause of action asserted therein is untimely and therefore barred by operation of the Plan's limitation of actions provision.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

SIXTY-NINTH:   The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

SEVENTIETH:   Defendant Aetna acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

SEVENTY-FIRST:   All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

SEVENTY-SECOND:   Defendant Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

SEVENTY-THIRD:   Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: Defendant Aetna, as claim fiduciary for the governing welfare benefit plain, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Defendant Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTY-FIFTH: The Court's review of plaintiff's claim against Aetna is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SEVENTY-SIXTH: Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SEVENTY-SEVENTH: To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

NY/1252512v1

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SEVENTY-EIGHTH: To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive further benefits, his monthly benefit under the Plan must be reduced by any "other income" benefits he was eligible to receive.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

SEVENTY-NINTH: Any findings by the Social Security Administration with respect to plaintiff's claim for SSDI benefits are neither determinative nor binding with respect to Aetna's evaluation of plaintiff's claim for LTD benefits under the applicable Plan documents.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

EIGHTIETH: To the extent necessary, Aetna denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendant Aetna prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant Aetna and against plaintiff;

2. That defendant Aetna, be awarded costs of suit incurred herein;

3. That defendant Aetna, be awarded reasonable attorney's fees; and

4. That defendant Aetna, be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 20, 2013

                                          Respectfully submitted,

                                          ___s/_____
                                          Michael H. Bernstein (MB 0579)
                                          SEDGWICK, LLP
                                          *Attorneys for Defendant*
                                          225 Liberty Street, 28th Floor
                                          New York, New York 10281
                                          Telephone:  (212) 422-0202
                                          Facsimile:  (212) 422-0925

To:
Scott M. Riemer (SR5005)
RIEMER & ASSOCIATES LLC
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead (S. Dist. Of Tx Bar No. 15465)
MARCH WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: (713) 228-8888
Email: marc@marcwhitehead.com
Pro hac vice admission pending
*Attorneys for Plaintiff*

15

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served via ECF and regular mail on March 20, 2013, upon the following:

Scott M. Riemer (SR5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead (S. Dist. Of Tx Bar No. 15465)
MARCH WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: (713) 228-8888
Email: marc@marcwhitehead.com
Pro hac vice admission pending


                                             s/
                                    Michael H. Bernstein (MB 0579)

Dated:   New York, New York
              March 20, 2013