UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOSEPH TUMINELLO,                                 Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

              Plaintiff,

      -against-                                      DOCUMENT
                                   ELECTRONICALLY FILED

AETNA LIFE INSURANCE COMPANY,

              Defendants.
--------------------------------------------------------X

---

## DEFENDANT AETNA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

SEDGWICK LLP
*Attorneys for Defendant*
Aetna Life Insurance Company
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Sedgwick File No. 00322-008165

Michael H. Bernstein
Julie Y. Kim
    *Of Counsel*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT.............................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

    A.    Tuminello's Claim For Benefits Under the Plan ................................................ 2

    B.    Pertinent Plan Terms ......................................................................................... 3

           1.    Short-Term Disability Plan..................................................................... 3

           2.    Long-Term Disability Plan ..................................................................... 3

    C.    Procedural History ............................................................................................. 5

ARGUMENT .............................................................................................................................5

TUMINELLO'S COMPLAINT UNDER ERISA § 502(a)(1)(B) IS TIME-BARRED BY THE PLAN'S "LEGAL ACTION" PROVISION .............................................................................5

    A.    ERISA Plans May Specify Controlling Limitation Periods................................ 6

    B.    The Court Should Enforce the Plan's Limitation Period Because It Provided Tuminello With A Reasonable Period of Time To Commence Suit After Aetna Issued Its Final Determination Letter on Administrative Appeal ................................................................................... 6

           1.    The Terms of the Plan Should Be Enforced As Written................................. 8

           2.    Aetna Was Not Required to Provide Additional Notice of Tuminello's Time To Commence A Lawsuit Challenging Aetna's Final Adverse Benefit Determination........ 10

    C.    Tuminello's Lawsuit Is Untimely ................................................................. 12

CONCLUSION.......................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Blaske v. Unum Life Ins. Co. of Am.*,
  131 F.3d 763 (8th Cir. 1997) .................................................................................................8

*Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*,
  572 F.3d 76 (2d Cir. 2009) ...........................................................................................passim

*Curtiss-Wright Corp. v. Schoonejongen*,
  514 U.S. 73 (1995) ...............................................................................................................8

*Davidson v. Wal-Mart Assocs. Health & Welfare Plan*,
  305 F. Supp. 2d 1059 (S.D. Iowa 2004) ...............................................................................8

*Dioguardi v. Rochester Laborers Pension Fund*,
  317 F. Supp. 2d 216 (W.D.N.Y. 2004) ................................................................................8

*Engleson v. Unum Life Ins. Co. of Am, et al.*,
  No. 12-4049, --- F.3d ----, 2013 WL 3336741 (6th Cir. July 3, 2013) .................................8

*Feifer v. Prudential Ins. Co. of Am.*,
  306 F.3d 1202 (2d Cir. 2002) ...............................................................................................8

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  496 Fed. Appx. 129, 2012 WL 4017133 (2d Cir. 2012) ..............................................5, 7, 9, 11

*Lugo v. AIG Life Ins. Co.*,
  852 F. Supp. 187 (S.D.N.Y. 1994) .......................................................................................6

*Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan*,
  698 F.2d 593 (2d Cir. 1983) ................................................................................................6

*Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*,
  160 F.3d 1301 (11th Cir. 1998) ............................................................................................8

*Novick v. Metropolitan Life Ins. Co.*,
  764 F. Supp. 2d 653 (S.D.N.Y. 2011) .............................................................................10, 11

*Order of United Commercial Travelers v. Wolfe*,
  331 U.S. 586 (1947) ..............................................................................................................7

*Rotondi v. Hartford Life & Acc. Group*,
  No. 09 Civ. 6287 (PGG), 2010 WL 3720830 (S.D.N.Y. Sept. 22, 2010) ............................7

*Scheirer v. NMU Pension & Welfare Plan*,
  585 F. Supp. 76 (S.D.N.Y. 1984) .........................................................................................7

*U.S. Airways, Inc. v. McCutchen,*
   133 S.Ct. 1537 (2013)......................................................................................................9

*Viti v. Guardian Life Ins. Co. of Am.,*
   817 F. Supp. 2d 214 (S.D.N.Y. 2011).............................................................................6

*Wentworth v. Digital Equip. Corp.,*
   933 F. Supp. 123 (D.N.H. 1996)......................................................................................8

**STATUTES**

29 U.S.C. § 1102(a)(1) ....................................................................................................8, 9

29 U.S.C. § 1104(a)(1)(D) ..................................................................................................9

29 U.S.C. § 1132 .............................................................................................................. 11

29 U.S.C. § 1132(a)(1)(B) ..................................................................................................2

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA")..........1

ERISA § 502(a) .......................................................................................................3, 7, 10

ERISA § 502(a)(1)(B) ................................................................................................2, 6, 8

**RULES**

29 C.F.R. § 2560.503-1(g)(1) ............................................................................................ 10

Fed. R. Civ. P. 56 ................................................................................................................1

N.Y. C.P.L.R. § 213(1)-(2)................................................................................................6

NY CPLR § 201 .............................................................................................................6, 7

## PRELIMINARY STATEMENT

Plaintiff Joseph Tuminello ("Tuminello") commenced this action alleging entitlement to long-term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA"). The Plan was fully insured and administered by Defendant Aetna Life Insurance Company ("Aetna"). Aetna denied Tuminello's claim based on its determination that he was not disabled under the terms of the Plan. This memorandum of law is submitted in support of Aetna's motion for an order granting summary judgment dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 56 on the grounds that Tuminello's action is time-barred by the Plan's "Legal Action" provision,[1] which requires a claimant to commence a lawsuit to recover benefits under the Plan within three years of the deadline for filing claims. Based on the provisions of the Plan, Tuminello was required to commence this action on or before November 5, 2012. However, the Complaint was not filed until February 8, 2013, and therefore must be dismissed as time-barred.

According to the Complaint, Tuminello claimed to be disabled due to the combined effect of his various medical complaints, including chest pain, shoulder pain, back pain, left-eye blindness, hearing loss and depression, which allegedly resulted in his inability to perform the material duties of his own occupation. Commencing on or about February 6, 2009, Tuminello was absent from work as a result of these various ailments and his claimed disability started on that date. On or about November 15, 2010, Tuminello applied for LTD benefits under the Plan. On December 21, 2010, Aetna denied Tuminello's LTD benefit claim based on its determination that clinical information did not support a finding that he was disabled and unable to perform the essential duties of his own occupation. Tuminello administratively

---

[1] This motion pertains only to Aetna's defense that this action is time-barred by the "Legal Action" provision of the Plan. At the initial scheduling conference held on April 18, 2013, the Court advised that Aetna could file a motion based solely on the limitation of action issue prior to the discovery cut-off date, and if the motion did not resolve the action, Aetna could file a second motion for summary judgment on the merits. Aetna maintains that its adverse benefit determination regarding Tuminello's claim for benefits under the Plan was reasonable and supported by substantial evidence, and will brief these issues in a later motion, if necessary.

appealed this decision, and after a full review of his claim, Aetna upheld its initial adverse benefit determination in a letter to Tuminello dated February 9, 2012.

Approximately one year later on February 8, 2013, Tuminello commenced this action in which he alleges that Aetna wrongfully denied his claim for benefits under the Plan and seeks to recover benefits allegedly owed pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). This filing was untimely because the unambiguous Legal Action provision of the Plan provides that "[n]o legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims." Here, Tuminello's deadline for filing claims expired on November 5, 2009. His time to commence this lawsuit expired three years later on November 5, 2012. Because Tuminello did not commence the lawsuit until he filed a Complaint over three months later, on February 8, 2013, summary judgment should be granted dismissing the Complaint as time-barred by the Plan's "Legal Action" provision.

## FACTUAL BACKGROUND

### A. Tuminello's Claim For Benefits Under the Plan

As an employee of Bank of America ("BOA"), Tuminello enrolled as a participant in BOA's STD Plan, which was self-funded by BOA. (Aetna's Rule 56.1 Statement of Facts ("SOF"), ¶¶1, 2, 7-11; TUMINELLO[2] 000283-285, 315). In or around the beginning of February 2009, Tuminello visited several physicians regarding various medical complaints, including chest pains. (SOF, ¶3; TUMINELLO 000677-678). On February 20, 2009, he applied for short-term disability ("STD") benefits, effective February 6, 2009. (SOF, ¶7; TUMINELLO 000602-603). Aetna, as the Claim Administrator for the STD Plan, ultimately determined that Tuminello was eligible to receive STD benefits based on his disability claim for the period February 6, 2009 through May 31, 2009. (SOF, ¶¶11; TUMINELLO 000623, 625).

---

[2] References to "TUMINELLO" are to particular pages of the Administrative Record, Bates stamped as TUMINELLO 000001- 001210.

Tuminello subsequently applied for LTD benefits under the Plan in November 2010.[3] (SOF, ¶12; TUMINELLO 000639-659).   On December 21, 2010, Aetna determined that Tuminello did not meet the Plan's definition of disability and denied his claim. (SOF, ¶22; TUMINELLO 000471-72).   Tuminello administratively appealed Aetna's adverse determination. (SOF, ¶24; TUMINELLO 000698-705).   After Aetna completed its appeal review, it upheld its initial adverse benefit determination by letter dated February 9, 2012. (SOF, ¶25; TUMINELLO 000481-82).   In that letter, Aetna advised Tuminello and his attorney that its decision was final and not subject to further appeal, but that if Tuminello disagreed with Aetna's determination, he had the right to file a civil action under section 502(a) of ERISA. (*Id.*)   One year later, Tuminello commenced this action by filing the Complaint in this action on February 8, 2013.  (SOF, ¶ 27).

### B.  Pertinent Plan Terms

#### 1.  Short-Term Disability Plan

The BOA STD Plan provides STD benefits to eligible employees for up to a maximum of 26 weeks from the date of the employee's disability, as determined by the STD Claims Administrator. (SOF, ¶8; TUMINELLO 000283-285).  Thus, the maximum period that BOA will pay STD benefits is 182 days (i.e., 7 days per week for 26 weeks).  (*Id.*)

#### 2.  Long-Term Disability Plan

The Plan grants discretionary authority to Aetna to determine all claims for benefits under the Plan and to construe all Plan terms.  (SOF, ¶ 13; TUMINELLO 000073).  Under the Plan, eligible employees will be paid monthly LTD benefits once Aetna determines that they have demonstrated a disability as that term is defined by the Plan. (SOF, ¶ 14; TUMINELLO 000080).

---

[3] This submission was late under the terms of the LTD Plan, which requires claimants to submit proof of loss on their claims within 90 days after the end of the elimination period (SOF, ¶16; TUMINELLO 000088); i.e., no later than November 5, 2009.  The Plan's 182-day elimination period ran from February 6, 2009 to August 7, 2009, and Tuminello was required to file his claim no later than November 5, 2009.

The Plan provides that "[a] period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are insured under this Plan." (SOF, ¶ 14; TUMINELLO 000081).

LTD benefits under the Plan are only payable after the expiration of an "elimination period." (SOF, ¶14-15; TUMINELLO 000080-81, 000101). The Plan defines the "elimination period" to be the greater of: (1) the "first 180 days of a period of disability"; or (2) "the period of time when disability benefits are payable from any short term disability benefits with the exception of any statutory disability benefits, accumulated sick time or salary continuation program sponsored by your Employer." (SOF, ¶15; TUMINELLO 000101).

The Plan further provides that "[t]he deadline for filing a claim for benefits is 90 days after the end of the elimination period." (SOF, ¶ 16; TUMINELLO 000088).

Significantly, the Plan states:

**Legal Action**
No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims. . . .

(SOF, ¶17; TUMINELLO 000089).

Here, Tuminello's disability period started on February 6, 2009, when he first claimed to be absent from work due to his allegedly disabling condition(s). (SOF, ¶¶3-4, 7; TUMINELLO 000383, 602). He was eligible to receive STD benefits under the BOA STD Plan for a maximum period of 182 days from that date; i.e., from February 6, 2009 through August 7, 2009. (SOF, ¶¶18-19). This period is also the applicable "elimination period" under the Plan. (*Id.*) Accordingly, Tuminello's deadline for filing a claim under the Plan expired 90 days after August 7, 2009, on November 5, 2009. (SOF, ¶20). Thus, his deadline for filing a lawsuit with respect to his denied benefit claim expired three years later, on November 5, 2012. (SOF, ¶21).

### C.  Procedural History

The Complaint was filed in this action on February 8, 2013, three months after Tuminello's time to do so had expired and one year after Aetna's final adverse determination was issued on his LTD benefit claim.  Aetna filed its Answer to the Complaint on March 20, 2013, which includes affirmative defenses alleging that Tuminello's claim is time-barred.  (*See* Answer, ¶¶ 67, 68, 76).  An initial scheduling conference was held with the Court on April 18, 2013.  At that conference, the Court advised that Aetna could file a motion for summary judgment limited to the limitation of action issue prior to the close of discovery.  Pursuant to the Court's Scheduling Order dated April 18, 2013, fact discovery is scheduled to close on August 16, 2013.

<u>**ARGUMENT**</u>

**TUMINELLO'S COMPLAINT UNDER ERISA § 502(a)(1)(B) IS TIME-BARRED BY THE PLAN'S "LEGAL ACTION" PROVISION**

The Plan requires that any lawsuit challenging the denial of a participant's claim for benefits be commenced within three years of the deadline for filing claims.  (SOF, ¶17; TUMINELLO 000089).  Tuminello's deadline for filing a claim under the Plan was November 5, 2009.  (SOF, ¶20).  Accordingly, his time to commence this lawsuit expired three years later on November 5, 2012.  (SOF, ¶21).  The Court should enforce the Plan's limitation of actions provision, which is reasonable, unambiguous and affords sufficient time for claimants to seek judicial review of denied claims.  *See, e.g., Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009) (holding that unambiguous plan provision imposing three-year statute of limitations running from the date that proof of loss was due was enforceable, even if that limitations period begins to run before the claim accrues); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129, 2012 WL 4017133 (2d Cir. 2012).  Tuminello's lawsuit was commenced over three months after the expiration of the limitations period provided by the Plan and is therefore time-barred.

### A.  ERISA Plans May Specify Controlling Limitation Periods

ERISA § 502(a)(1)(B) does not specify a statutory limitations period to enforce rights under plans governed by ERISA.  *Burke*, 572 F.3d at 78 (citations omitted).  Instead, the applicable limitations period is "'that specified in the most nearly analogous state limitations statute.'"  *Id.* (quoting *Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983)).  In New York, the statute of limitations for a breach of contract claim or for an action for which no limitation is specifically prescribed is six years. N.Y. C.P.L.R. § 213(1)-(2).  However, New York law further provides that "[a]n action . . . must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement.  No court shall extend the time limited by law for commencement of an action." *Id.* at § 201.  Here, the Plan prescribes a shorter limitation period than six years – specifically, three years from the deadline for filing claims.  (SOF, ¶28; TUMINELLO 000089). Accordingly, this is the applicable limitation period for this action, and the Court must enforce this provision in the Plan. *See Burke*, 572 F.3d at 81 ("[B]ecause we apply rules of contract law to ERISA plans . . . , a court must not rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, . . . as is the policy-prescribed limitations period at issue here") (citations and internal quotation marks omitted).  *See also Viti v. Guardian Life Ins. Co. of Am.*, 817 F. Supp. 2d 214, 224 (S.D.N.Y. 2011) ("where a benefit plan provides a limitations period shorter than six years, as this Plan does, the limitations period specified in the Plan governs") (citation omitted); *Lugo v. AIG Life Ins. Co.*, 852 F. Supp. 187, 195 (S.D.N.Y. 1994) (holding that under NY CPLR § 201, "[s]ince there can be little doubt that the Plans are written agreements, the shortened limitations period on the Plans applies").

### B.  The Court Should Enforce the Plan's Limitation Period Because It Provided Tuminello With A Reasonable Period of Time To Commence Suit After Aetna Issued Its Final Determination Letter on Administrative Appeal

By letter dated February 9, 2012, Aetna issued its final determination on Tuminello's claim for benefits under the Plan.  In that letter, Aetna advised Tuminello that its decision was "final and not subject to further review." (SOF, ¶25; TUMINELLO 000482).  The letter further advised Tuminello and his

attorney that if they disagreed with this determination, Tuminello had "the right to bring a civil action under section 502(a) of [ERISA]." (SOF, ¶26; TUMINELLO 000482).   Thus, by February 2012, Aetna had advised Tuminello and his attorney that he had exhausted the Plan's administrative review process and could only challenge Aetna's determination by filing a civil action under ERISA. (*Id.*)   Tuminello did not commence this civil action until one year later, on February 8, 2013, over three months after the deadline for doing so specified in the Plan.

Courts will enforce an ERISA plan's limitations period as long as it is reasonable.  *See Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608 (1947) ("[I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period of less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period"); *Scheirer v. NMU Pension & Welfare Plan*, 585 F. Supp. 76, 79 (S.D.N.Y. 1984) (enforcing deadline for filing claims set forth by plan pursuant to NY CPLR § 201, holding that "[a]bsent a finding of unconscionability of this shorter period, it would be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect to the conditions those same regulations place upon receipt of that benefit").

Under the Plan's "Legal Action" provision, Tuminello had until November 5, 2012 to commence this action – almost nine months from the date Aetna issued its final adverse determination letter on February 9, 2012.  Courts have consistently held that a three-year limitation period specified by an ERISA-governed employee welfare benefit plan is reasonable and enforceable.  *See, e.g., Heimeshoff*, 496 Fed. Appx. 129 (holding that "Appellant filed her claim challenging the denial of long-term disability benefits more than three years after her proof of loss was due.  Therefore, Appellant's action is time-barred"); *Burke*, 572 F.3d 76 (enforcing three-year limitation period prescribed by plan); *Rotondi v. Hartford Life & Acc. Group*, No. 09 Civ. 6287 (PGG), 2010 WL 3720830 *8 n. 2 (S.D.N.Y. Sept. 22, 2010) (noting that district courts in the Second Circuit have "consistently enforced ERISA plan limitation of actions language nearly identical to

that at issue here [i.e., requiring lawsuit be commenced within three years of the date proof of loss was due]") (citations omitted); *Engleson v. Unum Life Ins. Co. of Am, et al.*, No. 12-4049, --- F.3d ----, 2013 WL 3336741 (6th Cir. July 3, 2013) (holding that suit to recover disability benefits under long-term disability plan was time-barred where plan included a three-year limitations of action provision and claimant did not bring suit until four years after expiration of time to do so under the plan); *Blaske v. Unum Life Ins. Co. of Am.*, 131 F.3d 763, 764 (8th Cir. 1997) (dismissing complaint as untimely based on plan's limitation period of three years from date proof of loss was due).  Courts have found even shorter limitation periods specified by employee welfare benefit plans to be reasonable and enforceable.  *See Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301 (11th Cir. 1998) (holding that action under § 502(a)(1)(B) of ERISA was time-barred based on plan's reasonable 90-day limitations period from the date administrative appeal is exhausted); *Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F. Supp. 2d 1059, 1075 (S.D. Iowa 2004) (holding that 45-day limitation period from exhaustion of administrative remedies was "reasonable and enforceable"); *Dioguardi v. Rochester Laborers Pension Fund*, 317 F. Supp. 2d 216 (W.D.N.Y. 2004) (dismissing complaint based on 90-day limitation period running from date of final determination on administrative appeal).

## 1.   The Terms of the Plan Should Be Enforced As Written

One of ERISA's "core functional requirements" is that "'[e]very employee benefit plan shall be established and maintained *pursuant to a written instrument*.'" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995) (quoting 29 U.S.C. § 1102(a)(1)).  A written plan is required so that "every employee may, *on examining the plan documents*, determine exactly what his rights and obligations are under the plan." *Id.* (citations and internal quotation marks omitted).  The written instrument requirement "'serves two of the primary goals of ERISA: informing employees of the benefits to which they are entitled, and providing some degree of certainty in the administration of benefits.'" *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1208 (2d Cir. 2002) (quoting *Wentworth v. Digital Equip. Corp.*, 933 F. Supp. 123, 127 (D.N.H. 1996)).  The terms of an ERISA plan will govern, and equitable principles cannot override a plain contract term. *U.S. Airways, Inc. v.*

*McCutchen*, 133 S.Ct. 1537, 1548 (2013) ("'Every employee benefit plan shall be established and maintained pursuant to a written instrument,' § 1102(a)(1), and an administrator must act 'in accordance with the documents and instruments governing the plan' insofar as they accord with the statute, § 1104(a)(1)(D). The plan, in short, is at the center of ERISA.  And precluding [Plaintiff's] equitable defenses from overriding plain contract terms helps it to remain there").

The Second Circuit has unambiguously held that ERISA plans may provide a shorter limitation of actions period than the otherwise applicable state statutory limitations period.  *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009).  In *Burke*, the court determined that the ERISA plan's three-year limitations period was enforceable, even where the limitations period started to run before the claimant had exhausted the administrative appeal process.  *Id.* at 80.  The court reasoned that "because we apply rules of contract law to ERISA plans, a court must not 'rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous,' as is the policy-prescribed limitations period at issue here.  The parties, specifically the plan administrator, can anticipate suit will be brought within the limitations period – an expectation based on a term in [the participant's plan]."  *Id.* at 81 (citations omitted).  *See also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129, 130 (2d Cir. 2012) (holding that "Hartford's plan provided that its three-year limitations period ran from the time that proof of loss was due under the plan.  The policy language is unambiguous and it does not offend the statute to have the limitations period begin to run before the claim accrues") (citation omitted).

Similarly, here, the unambiguous Plan terms explicitly required Tuminello to commence this lawsuit within three years of the date proof of loss was due (i.e., no later than November 5, 2012).  Because he did not comply with this Plan term, this action is time-barred, and the Complaint must be dismissed.

### 2. Aetna Was Not Required to Provide Additional Notice of Tuminello's Time To Commence A Lawsuit Challenging Aetna's Final Adverse Benefit Determination

ERISA requires a plan administrator to provide a claimant with written or electronic notice of any adverse benefit determination, with the specific reasons for the adverse determination, a reference to the specific plan provisions on which the determination is based, a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under § 502(a) of ERISA following the final adverse benefit determination on review. 29 C.F.R. § 2560.503-1(g)(1). In *Novick v. Metropolitan Life Ins. Co.*, 764 F. Supp. 2d 653 (S.D.N.Y. 2011), the Southern District of New York interpreted this provision to impose a requirement that a plan administrator advise the claimant in an initial adverse benefit determination letter of the applicable time limit for filing a civil action under ERISA § 502(a). In *Novick*, the relevant plan documents provided that "[n]o civil action can be brought challenging the denial of the claim on appeal more than 6 months following the issuance of the final written decision on appeal. 764 F. Supp. 2d at 659. The final adverse determination letter was issued on February 12, 2008, but Novick did not file her complaint until August 3, 2009, almost one year after her time to do so had expired, based on the plan provision. *Id.* However, based on the court's conclusion that the plan administrator failed to include the applicable time limit for filing a civil action pursuant to ERISA § 502(a) in its initial adverse determination letter, the court applied New York's six-year statutory limitations period instead of the limitation period provided for by the plan. *Id.* at 660. The court reasoned that "ERISA creates no limitations period but instead leaves the setting of that period to the plan administrator. Because the limitations period for seeking judicial review is established by the plan itself, and not by law, judicial review must be part of and governed by *the plan's* review procedures – if it were not, it is unclear what procedures, exactly, would govern." 764 F. Supp. 2d at 661.[4]

---

[4] This decision was the first and only ruling in this Circuit interpreting the ERISA regulations as requiring the claim administrator to provide claimants with affirmative notice of the plan's limitation of actions period in its initial adverse determination letter.  The *Novick* decision is currently being appealed to the Second Circuit.

Significantly, the district court's reasoning in *Novick* was subsequently rejected by the District of Connecticut and the Second Circuit in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, No. 3:10cv1813 (JBA), 2012 WL 171325 (D. Conn. Jan. 20, 2012). In *Heimeshoff*, the District of Connecticut applied the limitations period set forth in the ERISA plan, even though the claim administrator did not provide the claimant with any affirmative notice of this limitations period for judicial review in its letter denying her benefit claim. 2012 WL 171325 at *5-6. In reaching its decision, the district court specifically rejected the reasoning applied in *Novick*. The court acknowledged that an administrator's notification of its adverse benefit determination must include "a statement of the claimant's *right* to bring a civil action," but further noted that "its description of the necessary notification for such claim review procedures requires '[a] description of the plan's review procedures and the time limits applicable to such procedures.' That the regulation requires notification of time limits for plan review procedures but says nothing about time limits with respect to civil actions suggests that the DOL did not intend to require such a time limit notification in the benefit determination." *Id.* at *7. On appeal, the Second Circuit affirmed the district court's holding, and specifically noted that "[i]n this Circuit, a statute of limitations specified by an ERISA plan for bringing a claim under 29 U.S.C. § 1132 may begin to run before a claimant can bring a legal action." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129, 130 (2d Cir. 2012) (citing *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009)). The Second Circuit noted that the "unambiguous" policy language imposed a three-year limitations period that ran from the time that proof of loss was due under the plan, and it does not offend the statute to have the limitations period run before the claim accrues." *Id.* Accordingly, the Second Circuit held that the claimant's action, commenced more than three years after the date on which her proof of loss was due, was time-barred. *Id.* The Second Circuit also rejected the plaintiff's equitable tolling claim, noting that she had received a copy of the plan containing the unambiguous limitation of actions provision long before the three-year limitations period had expired. *Id.* at 130-131.[5]

---

[5] On April 15, 2013, the U.S. Supreme Court granted *certiorari* for consideration of the following question:

### C.  **Tuminello's Lawsuit Is Untimely**

Based on the terms of the Plan, the limitations period for Tuminello to commence a lawsuit to recover benefits under the Plan is three years from the deadline for filing claims.  (SOF, ¶17; TUMINELLO 000089).  The Plan clearly required Tuminello to file any claim for benefits within 90 days of the end of the elimination period.  The elimination period for Tuminello's claim began on February 6, 2009 and ended 182 days later on August 7, 2009.  90 days from that date was November 5, 2009.  Thus, Tuminello had three years from that date to commence this lawsuit.  However, he did not file the Complaint until over three months later, on February 8, 2013.  Aetna clearly advised Tuminello in its final appeal determination letter dated February 9, 2012, that he had exhausted his administrative appeals and had the right to file a civil action under ERISA if he disagreed with Aetna's decision.  Yet Tuminello's Complaint provides no explanation for his delay in commencing this lawsuit, which is time-barred by the Plan's unambiguous "Legal Action" provision.  Accordingly, the Complaint must be dismissed.

### CONCLUSION

For the foregoing reasons, Aetna respectfully requests that the Court enter an Order granting summary judgment dismissing Plaintiff's Complaint with prejudice and awarding Aetna any other and further relief it deems just and proper.

Dated:  New York, New York
            July 19, 2013

Respectfully submitted,

/s/Michael H. Bernstein
MICHAEL H. BERNSTEIN (MB 0579)
JULIE KIM (JK 5700)
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Telephone:  (212) 422-0202
Facsimile:  (212) 422-0925

---

"When should a statute of limitations accrue for judicial review of an ERISA disability adverse benefit determination?"  *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 133 S. Ct. 1802 (2013); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 2012 WL 6560829 (Dec. 11, 2012) (Appellate Petition).

Sedgwick File No. 00322-008165
*Attorneys for Defendant*

To:

Scott Riemer
Riemer & Associates LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

Marc S. Whitehead
Marc Whitehead & Associates, LLP
5300 Memoriam Drive, Suite 725
Houston, Texas 77007
(713) 228-8888
marc@marcwhitehead.com

**CERTIFICATE OF SERVICE**

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT AETNA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served via ECF and Regular Mail on July 19, 2013, upon the following:

Scott M. Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Tel.: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead
MARC WHITEHEAD & ASSOCIATES, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Tel.: (713) 228-8888
Email: marc@marcwhitehead.com

/s/Julie Kim
JULIE KIM (JK 5700)

Dated:  New York, New York
        July 19, 2013

NY/1269900v1