UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPH TUMINELLO,                                        Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

                        Plaintiff,

            -against-                                    **RULE 56.1 STATEMENT**

AETNA LIFE INSURANCE COMPANY,                            DOCUMENT
                                                         ELECTRONICALLY FILED
                        Defendants.
----------------------------------------------------------X

   Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of

New York, Defendant AETNA LIFE INSURANCE COMPANY ("Aetna"), by its attorneys,

Sedgwick LLP, submits this Rule 56.1 Statement of Facts:[1]

## A. BACKGROUND

   1.  Plaintiff Joseph Tuminello ("Tuminello") was employed by Bank of America

("BOA") commencing January 18, 2000 and ending August 30, 2009. (Declaration of Wanda Greene

Celestine ("Celestine Decl."), ¶6, Ex. D, at TUMINELLO 000382, 914).

   2.  Tuminello described his position at BOA as "stock trader" (Celestine Decl., ¶6, Ex.

D at TUMINELLO 000646), while BOA provided Aetna a generic job description for

"Securities/Product Salesperson" in response to Aetna's request for information regarding his

essential duties and functions. (*Id.* at TUMINELLO 000409, 000530).

   3.  The last day Tuminello worked prior to his claimed disability was February 6, 2009.

(Celestine Decl., ¶6, Ex. D at TUMINELLO 000383).  According to Tuminello, he was absent from

---

[1] This motion is based solely on Aetna's defense relating to the limitation of action provision of the plan at issue.  Accordingly, this Statement of Facts only includes facts relevant to this particular issue.

work due to various illnesses during the week prior to February 6, 2009. (*Id.* at TUMINELLO 000677).

4.      Tuminello requested vacation during the week of February 9, 2009, but the request was denied. (*Id.*).

5.      Although Tuminello was originally notified of his "job reduction" on February 5, 2009, his severance package was cancelled so that he could take a leave of absence.  (*Id.* at TUMINELLO 000914).

6.      Tuminello returned to active status on June 1, 2009, when he was given a new paid 90-day notification, and his termination date was August 30, 2009. (*Id.*)

**B.      TUMINELLO'S CLAIM FOR STD BENEFITS UNDER THE BOA STD PLAN**

7.      On February 20, 2009, Tuminello requested a short-term disability ("STD") leave starting on February 6, 2009. (Celestine Decl., ¶6, Ex. D at TUMINELLO 000602).

**1.      Pertinent Provisions of the STD Plan**

8.      BOA provides its eligible employees time off from work and benefits that replace a portion of income if the employee is disabled, up to a maximum of 26 weeks from the date of disability, as determined by the STD Claims Administrator. (Celestine Decl., ¶3, Ex. A at TUMINELLO 00283).

9.      Benefits under the BOA STD Plan are self-funded by BOA.  (*Id.* at TUMINELLO 000315).

10.      Aetna administers claims under the BOA STD Plan.  (*Id.* at TUMINELLO 000314-315).

11.   Aetna approved Tuminello's claim for STD benefits, effective February 6, 2009 through May 31, 2009. (Celestine Decl., ¶6, Ex. D at TUMINELLO 000623, 000625).  STD benefits were not paid through exhaustion of the full 26-week maximum under the Plan.

## C.   TUMINELLO'S CLAIM FOR LTD BENEFITS

12.   On or about November 15, 2010, Tuminello submitted documents to Aetna in connection with his application for LTD benefits. (Celestine Decl., ¶6, Ex. D at TUMINELLO 000639-659).[2]

13.   The BOA LTD Plan (the "Plan") is underwritten by Aetna, which issued a group policy of insurance to fund benefits under the Plan. (Celestine Decl., ¶5, Ex. C at TUMINELLO 000079).  The Plan grants Aetna complete discretionary authority to review claims under the Plan. (*Id.*, ¶4, Ex. B at TUMINELLO 000073).

### 1.   Pertinent Provisions of the LTD Plan

14.   If an employee is eligible to receive LTD benefits under the Plan, monthly benefits are payable after the expiration of an "elimination period" if the disability period starts while the employee is covered under the Plan. (*Id.*, ¶5, Ex. C at TUMINELLO 000080-81).

15.   The Plan defines the Elimination Period as follows:

*Elimination Period*: The greater of:

- first 180 days of a period of disability; and
- the period of time when disability benefits are payable from any short term disability benefits with the exception of any statutory disability benefits, accumulated sick time or salary continuation program sponsored by your Employer.

---

[2] Although the enclosure letter is dated October 24, 2010 (Celestine Decl., ¶6, at Ex. D at TUMINELLO 000644), it appears that the documents, most of which are dated November 9, 2010, were actually mailed on November 15, 2010 based on the postmark on the envelope in which the documents were mailed. *See id.* at TUMINELLO 000658.

(*Id.* at TUMINELLO 000101).

16.     The Plan provides that "[t]he deadline for filing a claim for benefits is 90 days after the end of the elimination period. . . ."  (*Id.* at TUMINELLO 000088).

17.     The Plan also limits the time for an employee to bring a lawsuit to recover benefits as follows:

> **Legal Action**
> No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims. . . . (*Id.* at TUMINELLO 000089).

### 2.   Time Limits Applicable to Tuminello's Claim

18.     Because the BOA STD Plan provides a maximum benefit duration of 26 weeks (*see* ¶8 above), the applicable Elimination Period is 26 weeks, i.e., 182 days.

19.     Based on Tuminello's absence from work due his disability commencing on February 6, 2009 (*see* ¶3, above), the 182-day Elimination Period starts on February 6, 2009 and ends 182 days later, on August 7, 2009.

20.     Tuminello's deadline for filing a claim for benefits under the Plan was 90 days after August 7, 2009 (*see* ¶¶ 16, 20, above), i.e., November 5, 2009.

21.     Tuminello's last day to bring a legal action to recover benefits under the Plan expired on November 5, 2012, which is 3 years from his deadline for filing claims (*see* ¶¶17, 20, above).

### 3.   Aetna's Claim Determination

22.     By letter dated November 21, 2010, Aetna advised Tuminello that it was denying his claim for LTD benefits under the Plan based on its determination that "there is insufficient clinical information to support your inability to perform the essential elements of your sedentary occupation as a Securities/Product Salesperson.  Although your provider indicates your inability to work, there are no office exam notes, physical examinations, clinical test results or diagnostic findings to support your impairment. . . . Therefore, there is not enough evidence of functional impairments in your

4

physical capacity that would preclude you from performing your own occupation as defined by your plan.  Consequently, your Long Term Disability benefits are being denied effective August 7, 2009." (Celestine Decl., ¶6, Ex. D at TUMINELLO 000471).  Although the letter is dated November 21, 2010, it appears that the letter was actually mailed on December 21, 2010. (*Id.* at TUMINELLO 000396).

23.     Aetna further advised Tuminello that if he disagreed with Aetna's determination, he was entitled to a review of the decision on administrative appeal upon written request within 180 days of his receipt of the letter, and that because the Plan was governed by ERISA, he had the right to bring a civil action under section 502(a) of ERISA if he did not agree with Aetna' final determination.  (*Id.* at TUMINELLO 000471-472).

24.     On or about May 18, 2011,[3] Tuminello, by his attorney, submitted a letter in support of his appeal of Aetna's initial adverse benefit determination regarding his claim for LTD benefits under the Plan. (Celestine Decl., ¶6, Ex. D at TUMINELLO 000698-705).  The letter enclosed medical records in support of the appeal. (*See id.* at TUMINELLO 000705).

25.     By letter dated February 9, 2012, Aetna issued its final adverse benefit determination regarding Tuminello's claim for LTD benefits under the Plan.  Aetna described the documents it reviewed in evaluating the claim and reported that Tuminello's claim was reviewed by independent peer review physicians specializing in Orthopedic Surgery, Internal Medicine and Psychology. Ultimately, Aetna advised that "[b]ased upon our review of the submitted documentation, and the rationale detailed herein, we have determined that there was insufficient medical evidence to support Mr. Tuminello's inability to perform the material duties of his own occupation as of 8/7/09. . . .

---

[3] Although the letter is dated May 18, 2010, this appears to be in error.  The letter references Aetna's letter dated November 21, 2010 (i.e., post-dating May 18, 2010), and the document appears to be date stamped on May 20, 2011. (Celestine Decl., ¶6, Ex. D at TUMINELLO 000698).

5

[T]he original decision to deny Long-Term Disability benefits, effective 8/7/09, has been upheld. This decision is final and not subject to further review." (Celestine Decl., ¶6, Ex. D at TUMINELLO 000482).

26.     Aetna further advised in its February 9, 2012 letter that "[i]f you and your client disagree with our determination, you and your client have the right to bring a civil action under section 502(a) of [ERISA].  Upon written request, you may ask for and receive copies of documents relevant to your request free of charge." (*Id.*).

27.     Tuminello commenced this action by filing the Complaint with the Clerk of this Court on February 8, 2013. (Declaration of Michael H. Bernstein, ¶3, Ex. E).


Dated:  New York, New York
        July 23, 2013



                                        Respectfully submitted,

                                        /s/Michael H. Bernstein
                                        Michael H. Bernstein (MB 0579)
                                        Julie Kim (JK 5700)
                                        SEDGWICK LLP
                                        225 Liberty Street, 28th Floor
                                        New York, New York 10281-1008
                                        Telephone:  (212) 422-0202
                                        Facsimile:  (212) 422-0925
                                        Sedgwick File No. 00322-008165
                                        *Attorneys for Defendant*

NY/1265956v1

## <u>CERTIFICATE OF SERVICE</u>

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **RULE 56.1 STATEMENT OF FACTS** was served via ECF to parties listed on the Notice of Electronic Filing on July 23, 2013:

Scott M. Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Tel.: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead
MARC WHITEHEAD & ASSOCIATES, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Tel.: (713) 228-8888
Email: marc@marcwhitehead.com

/s/Julie Kim
JULIE KIM (JK 5700)

Dated:  New York, New York
July 23, 2013