UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOSEPH TUMINELLO,                                Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

                    Plaintiff,

          -against-

AETNA LIFE INSURANCE COMPANY,
                                                 DOCUMENT
                    Defendants.                  ELECTRONICALLY FILED

------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STAY
PENDING U.S. SUPREME COURT DECSION IN *HEIMESHOFF V. HARTFORD***


                              RIEMER & ASSOCIATES, L.L.C.

                              60 East 42nd Street
                              Suite 1750
                              New York, NY 10165
                              Telephone:   212-297-0700
                              Facsimile:   212-297-0730

                              MARC WHITEHEAD & ASSOCIATES,
                              ATTORNEYS AT LAW L.L.P.

                              5300 Memorial Drive, Suite 725
                              Houston, Texas 77007
                              Telephone: 713-228-8888
                              Facsimile: 713-225-0940


                                   ATTORNEYS FOR
                              FOR PLAINTIFF, JOSEPH TUMINELLO

Scott M. Riemer
Marc S. Whitehead
Admitted *pro hac vice*

`

## TABLE OF CONTENTS

INTRODUCTION...................................................................................2

BACKGROUND..................................................................................4

    The Pertinent Facts in Heimeshoff Closely Track the Instant
    Litigation.......................................................................................4

ARGUMENT......................................................................................6

    I.    Legal Standards...................................................................6
         This Honorable Court Has Discretion To Stay The Proceedings.....6
    II.   The Private Interests of the Plaintiffs in Proceeding Expeditiously
         With the Civil Litigation As Balanced Against the Prejudice To the
         Plaintiffs If Delayed ...............................................................7
    III.  The Private Interests Of and Burden On the Defendant...............8
    IV.  The Interests of the Courts......................................................9
    V.   The Interests of Persons Not Parties to the Civil Litigation..........11
    VI.  The Public Interest................................................................11

CONCLUSION .................................................................................12

CERTIFICATE OF SERVICE...............................................................14

# TABLE OF AUTHORITIES

## CASES

*Am. Shipping Line v. Massan Shipping,*
     885 F. Supp. 499 (S.D.N.Y.1995)...............................................6

*Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan,*
     572 F.3d 76 (2d Cir. 2009)..................................... .............3,5

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA,*
     630 F. Supp. 2d 295 (S.D.N.Y. 2009)......................... ........6,12

*Cent. Valley Chrysler-Jeep, Inc. v. Witherspoon,*
     No. 04-6663, 2007 WL 135688 (E.D. Cal. Jan. 16, 2007)............8

*Finn v. Barney,*
     2008 U.S. Dist. LEXIS 101509, 2008 WL 5215699...................11

*Friarton Estates Corp. v. City of New York,*
     681 F. 2d 150 (2d Cir. 1982) ..........................................10

*Golden Quality Ice Cream Co, Inc. v. Deerfield Specialty Papers, Inc.,*
     87 F.R.D. 53 (E.D. Pa. 1980)..............................................6

*Goldstein v. Time Warner New York City Cable Group,*
     3 F. Supp. 2d 423 (S.D.N.Y. 1998).......................................10

*Heimeshoff v. Hartford Life & Accident Ins. Co,*
     2012 U.S. Dist. LEXIS 6882 (2012), *aff'd* 496 Fed. Appx. 129 (2d
     Cir. 2012); *pet. for cert. granted, in part,* 133 S. Ct. 1802 (2013)
     ..............................................................................*passim*

*Landis v. N. Am. Co.,*
     299 U.S. 248 (1936).....................................................6,7,9

*LaSala v. Needham & Co., Inc.,*
     399 F. Supp. 2d 421 (S.D.N.Y. 2005).................................6,11

*Leyva v. Certified Grocers of California, Ltd.,*
        593 F. 2d 857 (9th Cir.1979), cert. denied, 444 U.S. 827(1979)...10

*Literary Works in Elec. Databases Copyright Litig.,*Nos.
        M-21-90, MDL 1379, 00-CV-6049, 00-CV-9411, 2001 U.S. Dist.
        LEXIS 2047, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001)...........8

*Louis Vuitton Malletier S.A. v. LY USA, Inc.,*
        676 F. 3d 83 (2d Cir.2012)..................................6

*N.Y. Power Auth. V. United States,*
        42 Fed. Cl. 795 (Fed. Cir. 1999)............. .............10

*Riverkeeper, Inc. v. U.S. Envtl. Prot. Agency,*

        No. 06-CV-12987, 2007 U.S. Dist. LEXIS 87450, 2007 WL 4208757
        (S.D.N.Y. Nov. 26, 2007)...................................12

*Trikona Advisors Ltd. v. Chuang,*
        20163 U.S. Dist. LEXIS 40382 (E.D.N.Y. Mar. 20, 2013..............7

*Volmar Distribution v. New York Post Co.,*
        152 F.R.D. 36 (S.D.N.Y. 1993)..............................7

*White v. Sun Life Assurance Co. of Canada,*
        488 F. 3d 240 (4th Cir. 2007).............................. 5

## STATUTES

ERISA § 502(a)(1)(B).........................................................4

## RULES

29 C.F.R. § 2560-503-1(f)(3)...............................................2

## OTHER AUTHORITIES

Sup. Ct. R. 10(a)..........................................................5

Aetna Insurance Corporate Profile Facts
*available at http://www.aetna.com/about-aetna-insurance/aetna-corporate-profile/facts.html,* last visited July 31, 2013......................................8

Brief for Petitioner, *Heimeshoff v. Hartford*, No.12-729, June 2013 *available at* http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-walmart-stores-inc/, last visited July 31, 2013……………………………………………………………..11

## INTRODUCTION

Plaintiff, Joseph Tuminello respectfully submits this memorandum in support of his motion to stay this case pending resolution of proceedings before the U.S. Supreme Court in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 2012 U.S. Dist. LEXIS 6882 (2012), *aff'd* 496 Fed. Appx. 129 (2d Cir. 2012); *pet. for cert. granted, in part*, 133 S.Ct. 1802 (2013).  In *Heimeshoff*, the Second Circuit adopted a view that in ERISA disability suits, the statute of limitations ("SOL") begins to run "when proof of loss is due." *Id.* "Hartford's plan provided that its three-year limitations period ran from the time that proof of loss was due under the plan. The policy language is unambiguous and it does not offend the statute to have the limitations period begin to run before the claim accrues." *Id.* at 130.

According to Hartford plan documents in *Heimeshoff*, and Aetna in the instant case, proof of loss is due shortly after a claimant files for disability benefits. Subsequently, if after proof of loss is submitted and the claim is denied, a denied ERISA claimant, like Ms. Heimeshoff and Mr. Tuminello, on appeal will spend many months ordering and submitting medical records and other documents to prove their disability. In turn, under Department of Labor regulations, the plan administrator, can have months to review these records, request clarification from the claimant's physicians, send the records out for medical reviews, order functional capacity exams, and perhaps have the claimant undergo independent medical examination. *See* 29 C.F.R. § 2560.503-1(f)(3). After initial denial, the claimant may have two or more appeals available, at 180 days each, and sometimes an additional voluntary appeal. *Id.*  This ERISA mandated appeals process may very well "eat up" any time remaining under the plan's contractual time limitation for filing suit.

However, before filing suit, unlike state insurance claims, the denied ERISA claimant must exhaust the aforementioned administrative appeals. "Because an ERISA action may not be brought in federal court until administrative remedies are exhausted, enforcing a policy prescribed imitations period that runs from a time different than when the cause of action accrued could result in a shortening of the effective limitations period." *Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 79-80 (2d Cir. 2009). After final denial and administrative exhaustion, a claimant still must find representation to file his or her suit for wrongfully denied benefits. Meanwhile, under the statute of limitations as set out in *Heimeshoff*, the clock is ticking.

Staying these proceedings would allow this Court to decide the instant case once the legal uncertainty regarding the ERISA statute of limitations has been resolved. Otherwise, that uncertainty may require repeat litigation and may implicate appellate review.

The Plaintiff in *Heimeshoff* filed a petition for *certiorari* with the Supreme Court and that petition has been granted by the Court. [1] The current standard for limitations in ERISA disability cases in the Second Circuit and other Federal Circuits differ significantly. The Court may well provide guidance in the coming months on the proper standard for evaluation of the statute of limitations. The question under review is on point in the instant litigation. The Supreme Court will now review this matter solely as to the question "When should a statute of limitations accrue for judicial review of an ERISA disability adverse benefit decision?" *Id.* n.1.

---

[1] http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-wal-mart-stores-inc/, last visited July 31, 2013. All briefing and Supreme Court schedules are accessible here.

While Defendants may be confident that they would prevail if *Heimeshoff* is applied here, it would be a waste of judicial resources for the parties to continue to litigate, and for this Court to resolve, before the Supreme Court speaks in *Heimeshoff* and likely gives guidance on determining how to calculate the statute of limitations in ERISA disability cases. It could be a substantial waste of resources for the parties and the Court to move forward with the Defendant's summary judgment motion if the Supreme Court rejects the legal standard sought to be applied by Defendant.

Accordingly, in the interests of judicial economy and the other factors set out by the Second Circuit, Plaintiff moves to have this matter stayed pending resolution of Supreme Court proceedings in *Heimeshoff*. This Court has the discretion to order such a stay where appropriate to prevent the needless duplication of proceedings, prevent prejudice for the parties, and/or to maximize judicial efficiency.

## BACKGROUND

### The Pertinent Facts in Heimeshoff Closely Track the Instant Litigation

Both Mr. Tuminello and Ms. Heimeshoff filed suit against their disability plan administrators in district court, alleging that the plan in question arbitrarily and capriciously denied disability benefits under ERISA §502(a)(1)(B). Complaint ¶ 1; *Heimeshoff* at 129. In both suits, the plans moved to dismiss the claims as untimely. Both plan administrators argued that the claims were time barred because they were filed more than three years after proof of loss was due. Def. Memo. at 16 [2]; *Id.* On appeal to the U.S. Court of Appeals for the Second Circuit, Ms. Heimeshoff argued that the SOL begins to run when the plan denied her final appeal, therefore, her claim was

---

[2] Defendant Aetna has filed a Memorandum of Law in Support of Summary Judgment at Docket 21.

timely. Mr. Tuminello also filed suit within the three year period following final denial by Aetna. Complaint ¶ 38. The Second Circuit ruled against Ms. Heimeshoff, she petitioned for, and was granted certiorari on this sole issue.

*Certiorari* is to be granted when "a United States court of appeals has entered a decision in conflict with the decision of another United States Court of Appeals on the same important matter...or has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of [the Supreme] Court's supervisory power." *See* Sup. Ct. R. 10(a).  Here, there is a clear conflict among the circuits.

Because there is no brightline rule in the ERISA regulations for exactly when the statute of limitations begins to run, there are conflicting standards in the circuit courts. The Fourth Circuit has held that the statute of limitations in ERISA disability cases begins to run upon final denial. *White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240 (4th Cir. 2007). Ms. Heimeshoff and Mr. Tuminello filed suit based on this calculation of their respective statute of limitations. Other circuits have adopted a case by case "reasonableness" standard, which the Fourth Circuit in *White* rejected. *Burke* at 81. Here, Defendant, Aetna relies on *Heimeshoff v. Hartford*, to move for summary judgment dismissal based on a statute of limitations calculated from proof of loss as calculated under *Heimeshoff.* Def. Memo. at 16.

## ARGUMENT

### I.   Legal Standards

### This Court Has Discretion To Stay The Proceedings

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.,* 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line v. Massan Shipping,* 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA,* 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)(listing five-factor test and collecting cases); see also *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.,* 87 F.R.D. 53, 56-58 (E.D. Pa. 1980) (Pollak, J.) (originally setting out this test).

"Some district courts have instead applied a similar five-factor test under which the court considers:(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 99 (2d Cir. 2012). Here, a stay is appropriate under each factor.

II.     **The Private Interests of the Plaintiffs in Proceeding Expeditiously With the Civil Litigation As Balanced Against the Prejudice To the Plaintiffs If Delayed**

Plaintiff does face comparable injury if there is no stay of this case. Mr. Tuminello is a 61 year old disabled individual who resides in New York.   Complaint ¶ 17. Mr. Tuminello seeks denied long term disability benefits from Aetna. Complaint ¶ 1.  Here, prejudice to Plaintiff, Mr. Tuminello, if the proceedings are not stayed, is great and clearly outweighs "proceeding expeditiously." Aetna has filed a summary judgment motion to dismiss based on statute of limitations that if granted by this Court could result in Mr. Tuminello's cause of action to be dismissed with prejudice. "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distribution v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "On a motion to stay, it is the moving party's burden to establish a 'clear case of hardship or inequity in being required to go forward.'" *Trikona Advisors Ltd. v. Chuang*, 2013 U.S. Dist. LEXIS 40382 (E.D.N.Y. Mar. 20, 2013) (quoting *Landis*, 299 U.S. at 255.).

However, if the Supreme Court's decision in *Heimeshoff* results in a holding that the statute of limitations in denied ERISA disability cases does not begun to run until after final repudiation, administrative exhaustion, a reasonableness standard, or some other calculation, Mr. Tuminello's cause of action survives. In the alternative, the Court could also rule that notice of the actual date of the statute of limitations be required on denial letters, or that appropriate tolling of the statute is required for appeal periods, or extensions, further clarifying this issue for claimants and the courts. This Court will then have the opportunity to rule on the merits of the case. Conversely, this short delay of litigation, balanced against dismissal, is in great favor of delay for Plaintiff.  *See also In*

*re Literary Works in Elec. Databases Copyright Litig.*, Nos. M-21-90, MDL 1379, 00-CV-6049, 00-CV-9411, 2001 U.S. Dist. LEXIS 2047, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court.").

### III.    The Private Interests Of and Burden On the Defendant

The balance of harms favors a stay, because the burdens of proceeding outweigh any concerns that Defendant might have as a result of the delay.  Defendant Aetna is a corporation based in Hartford, CT.[3]  Aetna, Inc. (NYSE:AET), is a Fortune 100 company and one of America's largest managed health care companies. *Id.* Aetna's 2012 revenues were $35.54 billion. *Id.* A stay of this case will not prejudice Defendant Aetna financially. Although a stay will prolong disposition, the stay at maximum will be no longer than ten (10) months and could be much sooner as oral argument is scheduled at the beginning of the upcoming term. *See Cent. Valley Chrysler-Jeep, Inc. v. Witherspoon,* No. 04-6663, 2007 WL 135688, at *15 (E.D. Cal. Jan. 16, 2007) (granting a stay pending Supreme Court decision, where "as a practical matter, Plaintiffs are unlikely to suffer any inequity or hardship from a six-month stay of proceedings.").

A reasonable stay of the summary judgment motion to dismiss while awaiting such resolution would be appropriate under the circumstances. A stay will be of relatively short duration. The matter before the Supreme Court is fully briefed and oral

---

[3] http://www.aetna.com/about-aetna-insurance/aetna-corporate-profile/facts.html, last visited July 31, 2013.

argument is set for October 15, 2013. [4] Even if *Heimeshoff* is not decided until later in the Court's 2013-2014 term which ends in June 2014, that will be less than a year. In contrast, the *Heimeshoff* decision below was only decided on September 12, 2012. The private interests and burden on Defendant are minimal and accordingly favors a stay pending the Supreme Court's decision in *Heimeshoff*.

## IV.    The Interests of the Courts

Granting a stay in this case pending the Supreme Court's review of *Heimeshoff*, will simplify the issues in this case and promote judicial efficiency by avoiding repeat litigation and complicated appellate proceedings.

The Supreme Court's decision in *Heimeshoff* may eliminate Defendant's argument. Even if the Supreme Court were to adopt something similar to the *Heimeshoff* rule, its decision may clarify how that rule is to be applied in all ERISA disability cases, such as this case. "There is no requirement that the parties in the case to be stayed be the same as those in the continuing, controlling matter. *See Landis,* 299 U.S. at 248 (stating courts may stay proceedings pending the outcome of a controversy to which the petitioning party is a stranger). However, here, as noted above, the question before The Court is on point.

Given that consideration of Plaintiff's and Defendant's claims will certainly be simplified by the question before the Supreme Court, it would be a waste of judicial resources to proceed before the Court has had the opportunity to be heard on this issue. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the

---

[4] *Id.* n.1.

separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Goldstein v. Time Warner New York City Cable Group*, 3 F. Supp. 2d 423, 437-438 (S.D.N.Y. 1998)(quoting *Leyva v. Certified Grocers of California*, Ltd., 593 F.2d 857, 864 (9th Cir. 1979), cert. denied, 444 U.S. 827, 62 L. Ed. 2d 34, 100 S. Ct. 51 (1979)); see also *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 160 (2d Cir. 1982) (Friendly, J.) (discussing underlying doctrinal rationales).Granting a stay of the pending summary judgment motion to dismiss would simplify the issues to be decided and promote judicial efficiency. Courts do not hesitate to grant stays where there is a significant risk, as there is here, that the Court's and the parties' efforts will be wasted.

Denying a stay here would risk wasting this Court's efforts.  It is possible the Supreme Court may rule on *Heimeshoff* before this Court would otherwise rule on the pending motion to dismiss, responses and replies, but after this Court has expended significant effort reviewing the briefing and exhibits, and oral argument, if any, submitted in this case.  If so, re-briefing and re-argument on these issues may be required. Similarly, if this Court should grant the summary judgment motion to dismiss, if it does so while *Heimeshoff* is pending before the Supreme Court, on appeal, the Second Circuit Court of Appeals may stay or remand. By continuing with the current litigation while *Heimeshoff* is before the Supreme Court, there is therefore, a substantial risk that this Court's efforts will be wasted.

"Staying these actions will best serve the interests of the courts by promoting judicial efficiency and "minimiz[ing] the possibility of conflicts between different courts." *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999) Indeed, under

these circumstances, "[a] stay may . . . be appropriate [while] awaiting 'the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.' *Finn v. Barney*, 2008 U.S. Dist. LEXIS 101509, 2008 WL 5215699, at *3 (quoting *LaSala v. Needham & Co.,* 399 F. Supp. 2d 421, 427.)

## V.    The Interests of Persons Not Parties to the Civil Litigation

Amicus briefs have been filed supporting Petitioner Julie Heimeshoff by the Department of Labor, AARP, National Employment Lawyers Association, and United Policy Holders, four groups that have the interests of the general public.[5] These groups support an ERISA disability statute of limitations that at least allows the claimant to fully exhaust his or her administrative remedies, a notice provision, appropriate tolling, or a brightline rule that begins the statute of limitations upon the date of final denial by the plan administrator. *Id.* at n.3.

## VI.    The Public Interest

The Supreme decision in *Heimeshoff* will have far reaching implications to the thousands of ERISA disability claimants who seek judicial review of their denied claims each year. "ERISA-governed LTD plans provide income protection to more than 46 million Americans, approximately one-third of the country's workforce." *Id.* "This case, therefore, has implications for an enormous number of workers across the country." *Id.* *See* Brief for Petitioner, *Heimeshoff v. Hartford*, No.12-729, June 2013 at 5. *Id.*

"By conserving judicial resources, a stay will serve not only the interests of the courts, but also the interests of the Parties, the non-parties and the public in 'an orderly

---

[5] http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-wal-mart-stores-inc/, last visited July 31, 2013. All Amicus briefs are available here.

and efficient use of judicial resources." *Catskill Mountains,* 630 F. Supp. 2nd at 306. (quoting *Riverkeeper, Inc. v. U.S. Envtl. Prot. Agency,* No. 06-CV-12987, 2007 U.S. Dist. LEXIS 87450, 2007 WL 4208757, at *2 (S.D.N.Y. Nov. 26, 2007).

## CONCLUSION

Plaintiff respectfully moves the Court to grant Plaintiff's Motion to Stay pending resolution of *Heimeshoff v. Hartford* currently before the Supreme Court of the United States.

Dated: August 6, 2013

Respectfully submitted,


MARC   WHITEHEAD   &   ASSOCIATES,
ATTORNEYS AT LAW L.L.P.


By:   */s/ Marc S. Whitehead*_____
Marc S. Whitehead
Admitted *pro hac vice*
TX Bar No. 00785238
Fed. Id. No. 15465
MARC WHITEHEAD & ASSOC, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile:  713-225-0940
Email: marc@marcwhitehead.com
LEAD ATTORNEY FOR PLAINTIFF


RIEMER & ASSOCIATES, L.L.C.

By:   */s/ Scott M. Riemer*_____
Scott M. Riemer
(SR5005)
60 East 42nd Street

Suite 1750
New York, NY 10165
Telephone:   212-297-0700
Facsimile:    212-297-0730
Email: sriemer@riemerlawfirm.com

## CERTIFICATE OF SERVICE

I, Marc S. Whitehead, do hereby certify that on this the 6th day of August, 2013, a true and correct copy of the foregoing was filed electronically and by overnight mail. Notice of this filing shall be sent by e-mail to all parties by operation of the Court's electronic filing system (ECF) and parties may access this filing through the Court's system.

*/s/ Marc S. Whitehead*
Marc S. Whitehead
Admitted p*ro hac vice*

To:

Michael H. Bernstein
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:    212-422-0925
Email: Michael.bernstein@sdma.com

Julie Yang Kim
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:    212-422-0925
Email: Julie.kim@sdma.com

Attorneys for Defendant Aetna Insurance Company