UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOSEPH TUMINELLO,                                          Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

                Plaintiff,

     -against-

AETNA LIFE INSURANCE COMPANY,

                Defendants.                  DOCUMENT
                                                             <u>ELECTRONICALLY FILED</u>

-------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>

RIEMER & ASSOCIATES, L.L.C.

60 East 42nd Street
Suite 1750
New York, NY 10165
Telephone:   212-297-0700
Facsimile:   212-297-0730

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940

                           ATTORNEYS FOR
               FOR PLAINTIFF, JOSEPH TUMINELLO

Scott M. Riemer
Marc S. Whitehead
Admitted *pro hac vice*

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………2

PROCEDURAL BACKGROUND………………………………………………….3

FACTUAL BACKGROUND…………………………………………………….....4

A. Short Term Disability Claim……………………………………………………….4

B. Long Term Disability Claim……………………………………………….............4

ARGUMENT AND AUTHORITIES………………………………………………5

A. Standard of Review…………………………………………………................5

B. Administrative Appeals and Equitable Tolling…………………………............5

C. Statute of Limitations and Notice Requirements……………………….......9

D. Mr. Tuminello Was Provided Notice of His Statue………………..............9

E. Promissory Estoppel Based on the March 19, 2009 Letter…………............11

CONCLUSION…………………………………………………………….......12

CERTIFICATE OF SERVICE…………………………………………….....14

## **TABLE OF AUTHORITIES**

*Allen v. Coughlin,*
    64 F. 3d 77, 79 (2nd Cir. 1995)………………………………………..5

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 247 (1986)………………………………………………5

*Aramony v. United Way Replacement Benefit Plan,*
    191 F. 3d 140, 151 (2d Cir. 1999)……………………………………11

*Arnold v. Storz,*
    2005 U.S. Dist. LEXIS 35971, at *22-23 (E.D.N.Y. Sept. 30,
    2005)……………………………………………………………………….12

*Boggs v. Boggs,*
    520 U.S. 833, 845 (1997)…………..…………………………………..7

*Bouboulis v. Transp. Workers Union, Local 100,*
    No. 03-0373, 2004 U.S. Dist. LEXIS 12906 at *7 (S.D.N.Y. July 7,
    2004)………………………………………………………………………12

*Burke v. Price Water House Coopers LLP Long Term Disability Plan,*
    572 F. 3d 76, 78 (2nd Cir. 2009)……………………………………….6,7

*Burke v. Price Water House Coopers LLP Long Term Disability Plan,*
    537 F. Supp. 2d 546, 549-550 (S.D.N.Y. 2008)……………………..8

*Consarc Corp. v. Marine Midland Bank,*
    996 F. 2d 568, 572 (2nd Cir. 1993)……………………………………5

*Devlin v. Empire Blue Cross & Blue Shield,*
    274 F. 3d 76, 88 (2d Cir. 2001)………………………………………11

*Heimeshoff v. Hartford Life & Accident Ins. Co.,* 2012 U.S. Dist.
    LEXIS 6882 (2012), *aff'd* 496 Fed. Appx. 129 (2nd Cir. 2012); *pet.*
    *for cert. granted, in part,* 133 S. Ct. 1802 (2013)…………….*passim*

*Kennedy v. Empire Blue Cross and Blue Shield,*
    989 F. 2d 588, 594 (2nd Cir. 1993)……………………………………6

*Manginaro v. Welfare Fund of Local 771,* L.A.T.S.E.,
 21 F. Supp. 2d 284 (S.D.N.Y. 1998)……………………………………….8

*Metropolitian Life Ins. Co. v. Glenn,*
 554 U.S. 105, 115 (2008)……………………………………………………6

*Mitchell v. Shearson Lehman Bros.,*
 1997 U.S. Dist. LEXIS 7323 *9 (S.D.N.Y. May 23, 1997)………..7,8

*Novick v. Metro. Life Ins. Co.,*
 764 F. Supp. 2d 653 (S.D.N.Y. 2011) …………………………*passim*

*Ortega Candelaria v. Orthobiologics LLC,*
 661 F. 3d 675, 680-81 & nn. 7-8 (1st Cir. 2011)……………………..9

*Pachaly v. Benefits Admin. Comm. Unilever United States, Inc.,*
 2013 U.S. Dist. LEXIS 6429, 15-16 (D. Conn. Jan. 16, 2013)……12

*Pelosi v. Schwab Capital Markets, L.P.,*
 630 F. Supp. 2d 357, 359 (S.D.N.Y. 2009)…………………………..5

*Viti v. Guardian Life Ins. Co. of Am.,*
 817 F. Supp. 2d 214, 228 (S.D.N.Y. 2011)…………………………..6

*Weinstock v. Columbia Univ.,*
 224 F. 3d 33, 41 (2nd Cir. 2000)…………………………………………5

*White v. Sun Life Assurance Co.,*
 488 F. 3d 240, 247 (4th Cir. 2007), *cert. denied* 552 U.S. 1022
 (2007)………………………………………………………………………….7

**STATUTES**

29 U.S.C. § 1132 (a)(1)(B)……………………………………………………..2

ERISA § 502(a)……………………………………………………………..*passim*

ERISA § 503……………………………………………………………………….9

ERISA § 1132………………………………………………………………………7

iii

29 U.S.C. § 1001(b)……………………………………………………………….7

29 U.S.C. § 1133(1)………………………………………………………………..9

**RULES**

F.R.C.P. 56……………………………………………………………………….5

29 C.F.R. § 2560.503-1(g)(1)…………………………………………………...10

**OTHER AUTHORITIES**

http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-walmart-stores-inc/, last visited July 31, 2013. All briefs in *Heimeshoff v. Hartford* are available here……………………7,9

Reply Brief for Petitioner, *Heimshoff v. Hartford,* No. 12-729, June 2013 at 7……………………………………………………………………………….7,9

**INTRODUCTION**

Plaintiff, Joseph Tuminello ("Plaintiff" or "Mr. Tuminello"), hereby submits his memorandum in opposition to defendant's motion for summary judgment. (Doc. 13).

This action involves a dispute over the denial of a claim for long-term disability benefits under a disability insurance policy governed by ERISA 29 U.S.C. § 1132 (a)(1)(B) and administered by Aetna Life Insurance Company, ("Aetna" or "Defendant"). Aetna asserts that Mr. Tuminello's claim is barred based on a three year statute of limitations that begins to run from the date proof of loss is filed. (Def.'s Mem. at 1) The Second Circuit, however, recently analyzed a similar 3-year statute of limitations for filing ERISA disability claims under contract law upon which Aetna relies. *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 2012 U.S. Dist. LEXIS 6882 (2d Cir. Sept. 13, 2012). "The Connecticut Plaintiff, Heimeshoff, filed an ERISA lawsuit against Hartford challenging their denial of long-term disability benefits. Hartford filed a Motion to Dismiss as Heimeshoff filed her lawsuit past the 3-year statute of limitations which was clearly stated in her policy." *Id.* In *Heimeshoff*, Hartford's Plan stated that the 3-year statute of limitations period began from the time that proof of loss was due pursuant to the Plan. Because it is permitted under the statute to have the limitation period begin before the claim accrues, and the court found the plan's terms "unambiguous," the Second Circuit determined that Heimeshoff's action was time-barred. This fact pattern is similar to the one presented here. Despite the "unambiguous contract language," Mr. Tuminello, like the plaintiff in *Heimeshoff*, was not clear when the statute of limitations to bring suit began running. As noted above, there is conflict among the circuits as to when the

statute should begin to run and the Supreme Court has granted certiorari on this one issue.

However, although Aetna asserts that the Plan states that "[n]o legal action can be brought under any benefit after 3 years from the deadline for filing claims…" (Def.'s Mem. at 4), in Aetna's first adverse decision letter, dated March 19, 2009, Aetna communicated to Mr. Tuminello that he "must file the action in court within one year of the date of the final denial of your claim." (Pl.'s Resp. to Def.'s SOF, ¶1; TUMINELLO 000613-614). Mr. Tuminello relied on this information and filed this action within one year of his final denial letter. Thus, his claim is not time barred.

## **PROCEDURAL BACKGROUND**

On August 6, 2013, Mr. Tuminello filed a Motion to Stay Proceedings Pending the Supreme Court Decision in *Heimeshoff v. Hartford*. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 2012 U.S. Dist. LEXIS 6882 (2012), *aff'd* 496 Fed. Appx. 129 (2d Cir. 2012); *pet. for cert. granted, in part*, 133 S.Ct. 1802 (2013). (Doc. No. 24). Mr. Tuminello filed the motion to stay the proceedings, as the issue before the Supreme Court is the same issue that is presented in Defendant's current motion and Plaintiff's opposition. The Supreme Court will now review *Heimeshoff* solely as to the question, "When should a statute of limitations accrue for judicial review of an ERISA disability adverse benefit decision?" Defendant Aetna has not yet filed its response to plaintiff's motion to stay and the motion remains pending before this Court.

**FACTUAL BACKGROUND**

### A. Short Term Disability Claim

On February 20, 2008, Mr. Tuminello applied for short-term disability ("STD") benefits, effective February 6, 2009. (Def.'s SOF, ¶7; TUMINELLO 000602-603) Aetna initially denied Mr. Tuminello's claim by letter, dated March 19, 2009. (Pl.'s Resp. to Def.'s SOF, ¶1; TUMINELLO 000613-614). Aetna, as the Claims Administrator for the STD Plan, ultimately determined that Mr. Tuminello was eligible to receive STD benefits based on his disability claim for the period February 6, 2009, through May 31, 2009. (Def.'s SOF, ¶11; TUMINELLO 000623, 625).

### B. Long Term Disability Claim

Mr. Tuminello subsequently applied for LTD benefits under the Plan on November 15, 2010. (Def.'s SOF, ¶12; TUMINELLO 000639-659). On December 21, 2010, Aetna determined that Tuminello did not meet the Plan's definition of disability and denied his claim. (Def.'s SOF, ¶22; TUMINELLO 000471-72). On May 18, 2011, Mr. Tuminello appealed Aetna's decision to deny his benefits. (Complaint at ¶ 27). Aetna provided the opportunity for appeal, yet gave no notice that Mr. Tuminello's statute of limitations was running. On February 9, 2012, Aetna confirmed its adverse decision. (Def.'s SOF, ¶25; TUMINELLO 000471-72).

After Aetna completed its appeal review, it upheld its adverse benefit determination by letter dated February 9, 2012. (Def.'s SOF, ¶25; TUMINELLO 000481-82). In that letter, Aetna advised Mr. Tuminello that its decision was final and no further appeals were available, but that if he disagreed with Aetna's determination, he had the

right to file a civil action under section §502(a) of ERISA. *Id.* Less than one year later, Tuminello filed the Complaint in this action on February 8, 2013. (Def.'s SOF, ¶27)

## ARGUMENT

### A. Standard of Review

Pursuant to F. R. CIV. P. 56, summary judgment "is appropriate when the evidence 'show[s] that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" *Pelosi v. Schwab Capital Markets, L.P.*, 630 F. Supp. 2d 357, 359 (S.D.N.Y. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). '"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson*, 477 U.S. at 256). The Supreme Court has stated that an issue of fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must view all evidence and facts "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citing *Consarc Corp. v. Marine Midland Bank*, 996 F.2d 568, 572 (2d Cir. 1993)).

### B. Administrative Appeals and Equitable Tolling

What is not clearly stated in the policy, is whether there is equitable tolling during the time period a claimant is receiving benefits or during the appeals process. In addition, an employer supplied group disability policy is not an "arms length" contract; Mr. Tuminello had no bargaining power nor were the terms of the contract, even if "unambiguous," clear to Mr. Tuminello.

5

> True, equity ought to be careful about doing anything that alters the contractual obligations freely agreed to by contracting parties. But to state the obvious, an ERISA benefits plan is not a negotiated contract between two competent business persons. It is something created by the sponsoring employer and its terms are effectively imposed on unwitting parties by virtue of their accepting employment with that sponsoring employer. The significant difference between such a contract and an agreement whose terms were freely negotiated and agreed to by parties standing as equals might cause our Court of Appeals to view ERISA benefits contracts as more akin to legislatively imposed statutes of limitations than to commercial contract terms, and so to view the applicability of equitable tolling differently than did courts in the Sixth and Eighth Circuits…

*Viti v. Guardian Life Ins. Co. of Am.*, 817 F. Supp. 2d 214, 228 (S.D.N.Y. 2011).

The Second Circuit did not appear to take this aspect into consideration and bypassed the Supreme Court's directive to deliver "higher than marketplace" standards on ERISA plans in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008).

Here, Mr. Tuminello appealed Aetna's decision until Aetna made it very clear that the appeals process was exhausted. Mr. Tuminello could not file suit under ERISA until all his administrative appeals are exhausted. "Although ERISA does not contain an explicit exhaustion of remedies requirement, courts have held that the statutory requirement that all benefit plans provide for a review procedure implies such a requirement." *See Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993).

ERISA does not contain a specific limitations period for challenging the denial of benefits. *See Burke v. Price Water House Coopers LLP Long Term Disability Plan,* 572 F.3d 76, 78 (2nd Cir. 2009). Instead, the controlling limitations period is provided by the "most nearly analogous state limitations statute." *Id.* However, the state statute does not

6

require first exhausting administrative appeals as required under ERISA. Additionally, under *Burke,* a statute of limitations specified by an ERISA plan for bringing a claim under Section 1132, may begin to run before the claimant can file a lawsuit. *Id.* at 81. However, *Burke* also teaches that "[b]ecause an ERISA action may not be brought in federal court until administrative remedies are exhausted, enforcing a policy prescribed imitations period that runs from a time different than when the cause of action accrued could result in a shortening of the effective limitations period." *Id. at* 79-80.

The true purpose of ERISA is: "to protect…the interests of participants…and beneficiaries." 29 U.S.C.§ 1001(b). *See Mitchell v. Shearson Lehman Bros*., 1997 U.S. Dist. LEXIS 7323 *9 (S.D.N.Y. May 23, 1997).

> The Second Circuit rejected that core principle when it embraced a rule that permits plans to run the clock down (or out) on a participant's judicial claim for benefits. As the Fourth Circuit recognized, allowing plans like Hartford to begin a limitations period before a participant can even file suit 'runs afoul' of ERISA, by undermin[ing] and potentially elimina[ting] the ERISA civil right of action.

*See* Reply Brief for Petitioner, *Heimeshoff v. Hartford*, No.12-729, June 2013 at 7 (quoting *White v. Sun Life Assurance Co.,* 488 F.3d 240, 247 (4th Cir. 2007), *cert. denied* 552 U.S. 1022 (2007). [1]

Contract enforcement is not the principal purpose of ERISA, but rather "to protect plan participants and beneficiaries." *Boggs v. Boggs*, 520 U.S. 833, 845 (1997).

Although the *Burke* court was troubled like the *Mitchell* court "to permit the limitations period to run while the insured is pursuing its rights in the claims process, as required by the policy," it felt the November 2000 DOL [Department of Labor]

---

[1] http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-wal-mart-stores-inc/, last visited July 31, 2013. All briefs in *Heimeshoff v. Hartford* are available here.

regulations fully mitigated the problem. *Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 550 (S.D.N.Y. 2008).The DOL regulations may help with the timeframes, but they do not make clear to the claimant when his statute will run out.

      Mr. Tuminello's statute continued to run while he exhausted his administrative remedies through the appeal process. Interestingly, in support of its argument for shortened statute periods, Aetna cites three cases where the statute *begins to run from the date administrative appeals are exhausted*, a view supported in other circuits and district courts in the Second Circuit prior to *Burke* and *Heimeshoff*. (See Def.'s's Mot. at 8) "Since *Mitchell*, other district courts in this Circuit have used the date of a plan administrator's "clear repudiation" as the start of the limitations period." *See, e.g., Manginaro v. Welfare Fund of Local 771*, *L.A.T.S.E.*, 21 F. Supp. 2d 284 (S.D.N.Y. 1998); *Burke*, 537 F.Supp.2d 546 at 449-550. "The *Mitchell* court was motivated by fairness concerns, noting that if a limitations period began before a plaintiff had exhausted administrative remedies through the plan, which consequently would prevent her from bringing an action in court, the 'result would be unfair because a plaintiff would be deprived of the full benefit of the limitations period.'" *Burke,* 572 F.3d 76 at 80. (quoting *Mitchell,* 1997 U.S. Dist. LEXIS 7323, at *5.). Under this calculation of the statute, or equitable tolling during the period of time he received benefits or while he was in the appeal process, Mr. Tuminello filed suit well within the limitations period that Aetna asserts.

8

### C. Statute of Limitations and Notice Requirements

If the circuit courts cannot agree when the statute of limitations begins to accrue in an ERISA disability suit, and it is such an unclear standard for the legal community, how does a claimant like Mr. Tuminello begin to determine when he must file suit or lose his right to judicial review? ERISA § 503 provides that an employee benefits plan must "provide *adequate notice* in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, *written in a manner calculated to be understood by the participant*." 29 U.S.C. § 1133(1)(emphasis added).

### D. Mr. Tuminello Was Provided Notice of His Statute

As noted above, the *Novick* court went one step further, deciding that notice of the statute of limitations was required. "Other district courts in the Second Circuit have developed a workable approach for addressing the tension between the contractual limitations period and ERISA statutes and regulations. *Novick v. Metro. Life ins. Co.*, 764 F. Supp. 2d 653 (S.D.N.Y. 2011) applied 'minimum notice regulations to require that the insurer inform the participant, in the adverse determination letters and Summary Plan description, of the time limits for filing a court action.'" *See* Reply Brief for Petitioner, *Heimeshoff v. Hartford*, No.12-729, June 2013 at 10, n 2.[2] "But *Novick* did more; it refused to enforce the plan's contractual limitations provision because MetLife had not complied with the notice requirements." *Id.* at 660. *See also Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680-81 & nn. 7-8 (1st Cir. 2011). *Id.*

---

[2] http://www.scotusblog.com/case-files/cases/heimeshoff-v-hartford-life-accident-insurance-co-and-wal-mart-stores-inc/, last visited July 31, 2013. All briefs in *Heimeshoff v. Hartford* are available here.

9

ERISA requires a plan administrator to provide a claimant with written or electronic notice of any adverse benefit determination, with the specific reasons for the adverse determination, a reference to the specific plan provisions on which the determination is based, a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under § 502(a) of ERISA following the final adverse benefit determination on review, 29 C.F.R. § 2560.503-1(g)(1).

As Aetna points out in its memorandum, "In *Novick v. Metropolitan Life Ins. Co.,* 764 F. Supp. 2d 653 (S.D.N.Y. 2011), the Southern District of New York "interpreted this provision to impose a requirement that a plan administrator advise the claimant in an initial adverse benefit determination letter of the applicable time limit for filing a civil action under ERISA § 502(a*)."* (Def.'s Memo. at 8) *"*The court reasoned that "ERISA creates no limitations period but instead leaves the setting of that period to the plan administrator. Because the limitations period for seeking judicial review is established by the plan itself, and not by law, judicial review must be part of and governed by *the plan's* review procedures – if it were not, it is unclear what procedures, exactly, would govern." 764 F. Supp. 2d at 661. *Id.*

Here, however, Aetna did comply with the notice requirement envisioned under *Novick* and Mr. Tuminello relied on the information in that letter. Mr. Tuminello was informed in Aetna's initial adverse determination letter letter that he had one year from final denial to file suit. This clear and unequivocal date for filing an action was given to Mr. Tuminello by Aetna in its initial adverse decision letter, dated March 19, 2009. (Pl. SOF, ¶1; TUMINELLO 000613-614). The letter states:

10

> If you do not agree with the final determination upon review, you have a right to bring a civil action under section 502(a) of ERISA. If you wish to bring a civil action after exhausting the claims procedures, you must file the action in court within one year of the date of the final denial of your claim. Any claim not filed within the one-year period will be deemed permanently waived and abandoned.

The date of the letter indicating the final denial of his claim was February 9, 2012. (Def.'s SOF, ¶25; TUMINELLO 000481-82). According to the March 19, 2009, letter he received from Aetna, he had one year to file suit. Mr. Tuminello filed suit within one year of his final denial, on February 8, 2013. Therefore, Mr. Tuminello's suit is not time barred.

The March 19, 2009, letter appears to be not materially consistent with the summary plan description. Instead, it was a misleading written representation of Mr. Tuminello's rights under the plan, upon which Mr. Tuminello relied. The Second Circuit has held that "[w]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries." *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 88 (2d Cir. 2001) (citation omitted).

### E.  Promissory Estoppel Based on the March 19, 2009 Letter

Promissory estoppel in ERISA cases requires the following: (1) a promise; (2) reliance on the promise; (3) injury caused by the reliance; (4) an injustice if the promise is not enforced; and (5) extraordinary circumstances. *Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140, 151 (2d Cir. 1999). Here, Mr. Tuminello relied on the "promise" that stated he had one year from final adverse decision to file suit.

11

Unlike the plan, this letter clearly set out an exact date for the statute of limitations. He relied on the information in that letter to his detriment. The injury and injustice that will result are that this Court could find that his suit is time barred. "This element [extraordinary circumstances] typically is found when plan administrators made a promise about benefits to induce the insured to act." *Pachaly v. Benefits Admin. Comm. Unilever United States, Inc.*, 2013 U.S. Dist. LEXIS 6429, 15-16 (D. Conn. Jan. 16, 2013). "Finally, courts in this Circuit have found "extraordinary circumstances" even where an employer promised benefits to an employee in good faith." *Arnold v. Storz*, 2005 U.S. Dist. LEXIS 35971, at * 22-23 (E.D.N.Y. Sept. 30, 2005) (quoting *Bouboulis v. Transp. Workers Union, Local 100*, No. 03-0373, 2004 U.S. Dist. LEXIS 12906 at *7 (S.D.N.Y. July 7, 2004). "Other courts have held that a good faith promise of benefits used to induce action will support a finding of 'extraordinary circumstances' if, "once such action is taken in reliance, the promisor reneges." *Id.* Mr. Tuminello filed suit in good faith within the time period specified by Aetna in its correspondence. Aetna now argues that his suit is time barred.

## **CONCLUSION**

For the reasons stated above, Plaintiff's claims against Aetna are not time barred. Plaintiff respectively requests that Defendant's motion for summary judgment be denied.


DATED: August 23, 2013

Respectfully submitted,


MARC WHITEHEAD & ASSOCIATES, ATTORNEYS AT LAW L.L.P.


By:  */s/ Marc S. Whitehead*
　　　Marc S. Whitehead
　　　Admitted *pro hac vice*
　　　TX Bar No. 00785238
　　　Fed. Id. No. 15465
　　　MARC WHITEHEAD & ASSOC, LLP
　　　5300 Memorial Drive, Suite 725
　　　Houston, Texas 77007
　　　Telephone: 713-228-8888
　　　Facsimile:  713-225-0940
　　　Email: marc@marcwhitehead.com
　　　LEAD ATTORNEY FOR PLAINTIFF


RIEMER & ASSOCIATES, L.L.C.

By:  */s/ Scott M. Riemer*
　　　Scott M. Riemer
　　　(SR5005)
　　　60 East 42nd Street
　　　Suite 1750
　　　New York, NY 10165
　　　Telephone:   212-297-0700
　　　Facsimile:    212-297-0730
　　　Email: sriemer@riemerlawfirm.com

13

## **CERTIFICATE OF SERVICE**

I, Marc S. Whitehead, do hereby certify that on this the 23th day of August, 2013, a true and correct copy of the foregoing was filed electronically and by overnight mail. Notice of this filing shall be sent by e-mail to all parties by operation of the Court's electronic filing system (ECF) and parties may access this filing through the Court's system.

*/s/ Marc S. Whitehead*
Marc S. Whitehead
Admitted p*ro hac vice*

To:

Michael H. Bernstein
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:    212-422-0925
Email: Michael.bernstein@sdma.com

Julie Yang Kim
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:    212-422-0925
Email: Julie.kim@sdma.com

Attorneys for Defendant Aetna Insurance Company