UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH TUMINELLO,                    Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

                Plaintiff,

        -against-                    DOCUMENT
                                      <u>ELECTRONICALLY FILED</u>

AETNA LIFE INSURANCE COMPANY,

               Defendant.
------------------------------------------------------------X

---

# DEFENDANT AETNA LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

SEDGWICK LLP
*Attorneys for Defendant*
Aetna Life Insurance Company
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Sedgwick File No. 00322-008165

Michael H. Bernstein
Julie Y. Kim
    *Of Counsel*

0

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

THE PLAN'S "LEGAL ACTION" PROVISION IS ENFORCEABLE ...........................................2

    A.    Equitable Tolling Does Not Apply ..................................................................................3

        1.    The Plan Terms Are Clear, Reasonable and Unambiguous and Must Be Enforced As Written ...............................................................................3

        2.    The Cases Cited By Tuminello Do Not Mandate Equitable Tolling ........................4

        3.    Aetna's March 19, 2009 Letter Concerned Tuminello's STD Claim, Not His LTD Claim ................................................................................7

    B.    Promissory Estoppel Does Not Apply ..............................................................................9

CONCLUSION ..............................................................................................................................10

## **TABLE OF AUTHORITIES**

### **Cases**

*Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*,
    572 F.3d 76 (2d Cir. 2009) ...................................................................................... 2, 3, 4, 7

*Davidson v. Wal-Mart Assocs. Health & Welfare Plan*,
    305 F. Supp. 2d 1059 (S.D. Iowa 2004) ............................................................................ 7

*Devlin v. Empire Blue Cross & Blue Shield*,
    274 F.3d 76 (2d Cir. 2001) ............................................................................................. 10

*Dioguardi v. Rochester Laborers Pension Fund*,
    317 F. Supp. 2d 216 (W.D.N.Y 2004) ............................................................................... 7

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
    No. 10 cv. 1813 (JBA), 2012 WL 171325 (D. Conn. Jan. 20, 2012),
    *aff'd* 496 Fed. Appx. 129 (2d Cir. 2012) ............................................................... 3, 4, 5, 7

*Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*,
    21 F. Supp. 2d 284 (S.D.N.Y. 1998) ................................................................................. 7

*Mitchell v. Shearson Lehman Bros., Inc.*,
    No. 97 CIV 0526 (MBM), 1997 WL 277381 (S.D.N.Y. May 27, 1997) ........................ 4, 5

*Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*,
    160 F.3d 1301 (11th Cir. 1998) ......................................................................................... 6

*Novick v. Metro. Life Ins. Co.*,
    764 F. Supp. 2d 653 (S.D.N.Y. 2011) ............................................................................... 7

*Scheirer v. NMU Pension & Welfare Plan*,
    585 F. Supp. 76 (S.D.N.Y. 1984) ................................................................................... 3, 4

*Schonholz v. Long Island Jewish Med. Ctr.*,
    87 F.3d 72 (2d Cir. 1996) ............................................................................................... 10

*Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*,
    404 F.3d 167 (2d Cir. 2005) ........................................................................................ 9, 10

### **Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended)
    ("ERISA") ......................................................................................................................... 1

ERISA § 401(b)(2); 29 U.S.C. § 1101(b)(2) ............................................................................ 3

**PRELIMINARY STATEMENT**

Defendant Aetna Life Insurance Company ("Aetna") respectfully submits this reply memorandum in further support of its motion for summary judgment pursuant to Fed. R. Civ. P. 56, dismissing Plaintiff's Complaint as time-barred. Plaintiff Joseph Tuminello ("Tuminello") seeks long-term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA"). Aetna fully insured LTD benefits under the Plan and administered all benefit claims pursuant to a grant of full discretionary authority in the Plan documents. Aetna denied Tuminello's claim for LTD benefits based on its determination that he was not disabled as defined by the Plan. As discussed in its initial moving papers, Tuminello's action is time-barred by the Plan's "Legal Action" provision, which requires claimants to commence lawsuits for Plan benefits within three years of the deadline for filing claims. Tuminello's last day to file a claim for benefits under the Plan was November 5, 2009. The Plan's "Legal Action" provision therefore required Tuminello to commence this lawsuit by November 5, 2012. However, the Complaint was filed on February 8, 2013, more than three (3) months late, and consequently, must be dismissed as time-barred.

In his opposition, Tuminello argues that it "was not clear when the statute of limitations to bring suit began running" (Pl.'s Opp., 2) although this motion indisputably concerns a plan limitation of actions provision, not a statute of limitations. Tuminello also paradoxically asserts that "the terms of the contract, even if 'unambiguous,' [were not] clear to [him]." (Pl.'s Opp., 5). Thus, Tuminello essentially concedes that the Plan's "Legal Action" provision is unambiguous, but still argues that his time to commence this lawsuit should run from the date of Aetna's final adverse benefit determination based on either equitable tolling or promissory estoppel. Tuminello unconvincingly argues that equitable tolling should apply because he was confused about the date by which he was required to commence this lawsuit. His claim of alleged confusion is not credible,

1

however, because: (1) the Plan terms are clear and unambiguous; and (2) Tuminello was represented by the same experienced ERISA counsel throughout the administrative appeal process and in the present action.  Tuminello alternatively suggests that promissory estoppel should apply to the Plan's unambiguous limitations provision concerning his LTD claim based on a purported "promise" made by Aetna in its initial adverse determination letter regarding his claim for *short-term disability ("STD") benefits*, issued almost two years before Tuminello even applied for LTD benefits. Neither of Tuminello's arguments is supported by the facts of this case and both are inconsistent with governing law in this Circuit. Given the foregoing, and as discussed in detail below, this Court should grant summary judgment in favor of Aetna and dismiss Plaintiff's Complaint as time-barred.

## ARGUMENT

## THE PLAN'S "LEGAL ACTION" PROVISION IS ENFORCEABLE

The Plan's "Legal Action" provision requires claimants to commence any lawsuit challenging the denial of LTD benefits within three years of the Plan's deadline for filing claims. (SOF, ¶17; Ex. C at 89).[1] Tuminello's time to commence this lawsuit expired on November 5, 2012 (SOF, ¶20-21), three months before he filed his Complaint in this action. Indisputable facts show that Tuminello had nine (9) months from the date Aetna issued its final adverse benefit determination letter on February 9, 2012, to commence this lawsuit. (SOF, ¶25-26; Ex D at 482). Tuminello failed to do so, and now complains that the unambiguous "Legal Action" provision of the Plan should not be enforced as written. This argument is inconsistent with governing law in this Circuit and must therefore be rejected. *See, e.g., Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009) (unambiguous plan provision limiting the time within which participants could commence a legal action to three years from the date proof of loss was due is enforceable, even if

---

[1] "SOF" refers to Aetna's Rule 56.1 Statement filed with its Motion for Summary Judgment on July 23, 2013. (Document No. 20). "Ex." refers to the exhibits annexed to the Declaration of Wanda Greene Celestine, also filed with Aetna's Motion for Summary Judgment on July 23, 2013, and the numbers refer to specific pages numbers of the administrative record included in the exhibit cited. (Document No. 18).

2

the limitations period begins to run before the claim accrues); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129, (2d Cir. 2012) (same).

### A. Equitable Tolling Does Not Apply

Tuminello argues that equitable tolling should apply to stop the Plan's limitations period from running until he exhausts in-Plan appeal remedies and his ERISA § 502(a) cause of action accrues because he did not have "bargaining power" with respect to the group plan and because the admittedly unambiguous Plan terms were somehow unclear to him. (Pl.'s Opp., 5). Specifically, Tuminello argues that equitable tolling should apply because: (1) the Plan does not specifically state whether equitable tolling applies during claimants' administrative appeal process; and (2) he was confused about when his time to pursue a civil action concerning his denied LTD benefits would expire based on a letter issued by Aetna regarding his *claim for STD benefits*. (*Id.* at 5-11). These arguments fail because neither is supported by law or fact.

#### 1. The Plan Terms Are Clear, Reasonable and Unambiguous and Must Be Enforced As Written

Tuminello first argues that the Plan's limitations period should not be enforced as written because the Plan is "not an 'arms length' contract" and that he had "no bargaining power" with respect to negotiating Plan terms. (Pl.'s Opp., 7). This misguided argument assumes that Tuminello was a party to the insurance contract; he was not. The Plan is an employee welfare benefit plan and the group insurance policy, which is a "guaranteed benefit policy" pursuant to ERISA § 401(b)(2); 29 U.S.C. § 1101(b)(2), is an agreement between Aetna and Tuminello's employer. As an employee eligible to participate in his employer's LTD benefit Plan, Tuminello had the right to enroll or not enroll in the Plan. But he could not challenge the Plan terms. The choice to enroll was voluntary and entirely his, but once enrolled, Tuminello was bound by all the Plan terms – not just those he liked. This includes the Plan's limitation of actions provision. As this court observed in *Scheirer v. NMU Pension & Welfare Plan*, 585 F. Supp. 76, 79 (S.D.N.Y. 1984):

> Absent a finding of unconscionability of this shorter [plan-prescribed limitation of actions] period, it would be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect to the conditions those same regulations place upon receipt of that benefit.

Tuminello also argues that the Plan fails to specify whether its "Legal Action" provision is equitably tolled during the administrative appeal process, and that fairness requires that the limitations period accrue only after Aetna's final adverse benefit determination. First, there is no requirement that the Plan discuss equitable tolling at all. Indeed, if this kind of tolling were spelled out in the Plan, it would be a Plan term that could be enforced as any other Plan provision. The Plan does not provide for tolling of limitations periods and such a term cannot now be engrafted on the Plan, since it is not a term that the contracting parties intended to include in the Plan. Second, the Plan clearly and unambiguously provides that "[n]o legal action can be brought to recover any benefit after 3 years from the deadline for filing claims." (SOF, ¶17, Ex. C at 89). A plain reading of this provision leaves no ambiguity about when the limitations period begins. Tuminello asks this court to arbitrarily substitute the date of Aetna's final adverse benefit determination as the commencement date for the limitations period. But the Second Circuit has considered and rejected this very argument on at least two separate occasions. *See Burke*, 572 F.3d 76 (rejecting this argument); *Heimeshoff*, 496 Fed. Appx. at 130 ("In this Circuit, a statute of limitations specified by an ERISA plan for bringing a claim under 29 U.S.C. § 1132 may begin to run before a claimant can bring a legal action.") (citing *Burke*, 572 F.3d at 81). This Court should similarly reject this argument.

### 2. The Cases Cited By Tuminello Do Not Mandate Equitable Tolling

Tuminello cites *Mitchell v. Shearson Lehman Bros., Inc.*, No. 97 CIV 0526 (MBM), 1997 WL 277381 (S.D.N.Y. May 27, 1997), in support of his argument that equitable tolling should apply to extend the Plan's limitations period. But the district court's rationale in *Mitchell* was specifically and explicitly rejected by the Second Circuit's precedential holding in *Burke*, 572 F.3d at 80. In fact, the

4

Second Circuit rejected *Mitchell* in view of the U.S. Department of Labor's ("DOL") regulations, which operate to ensure that a claimant has adequate time to commence a lawsuit once a claim administrator issues its final adverse benefit determination. *Id.* at 80. Accordingly, the Second Circuit held that "[w]e join the Fifth, Sixth, Seventh and Eighth Circuits in upholding written plan terms including limitations periods which may begin to run before a claimant can bring legal action." *Id.* at 81 (citations omitted).

Notwithstanding the Second Circuit's precedential and binding decision on point, Tuminello argues that "[t]he DOL regulations may help with the timeframes, but they do not make clear to the claimant when his statute [*sic*] will run out." (Pl.'s Opp., 8). This argument misses the point. The *Burke* court explained that by limiting the time period for a claim administrator to complete the administrative appeal process, the DOL regulations help ensure that a claimant will have adequate time to pursue a civil action under ERISA, even if the plan's limitation period begins to run before the claim accrues. That is exactly what occurred here. Tuminello acknowledges that "Aetna made it very clear that the appeals process was exhausted" when it issued its final adverse benefit determination letter on February 9, 2012. (Pl.'s Opp., 6). At that time, Tuminello had almost nine months to commence this lawsuit, but failed to do so. This was more than sufficient time within which to commence this litigation. Indeed, the plaintiff in *Burke* had less time following administrative exhaustion.

Tuminello also mistakenly suggests that three cases cited by Aetna actually support his arguments. (Pl.'s Opp., 8). These arguments only serve to show Plaintiff's gross misunderstanding of Aetna's basic argument, which is that pursuant to the Plan's "Legal Action" provision, Tuminello had almost nine months from the date Aetna issued its final adverse determination letter to timely commence this lawsuit. Aetna also explained that Second Circuit caselaw on point holds that a three-year limitation period specified by an ERISA-governed employee welfare benefit plan is

reasonable and enforceable. (Aetna's MOL, at 7).[2] Aetna also discussed cases where courts have found limitation periods much shorter than nine months to be reasonable. (*Id.* at 8). These cases underscore the fact that Tuminello had a reasonable time within which to commence this lawsuit once Aetna issued its final adverse benefit determination. They do not, as Tuminello suggests, stand for the proposition that a limitations period prescribed by an ERISA plan must run from the date administrative appeals are exhausted, as opposed to three years from the deadline for filing claims, as specified in the Plan. Indeed, in these cases, the plans in question included limitation of actions provision that started the limitations period on the date of a final adverse benefit determination. *Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir. 1998) (discussing "the 90-day limitations period *prescribed by the Plan*") (emphasis added); *Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F. Supp. 2d 1059, 1068 (S.D. Iowa 2004) (noting that the Plan documents advise participants that "[n]o legal action can be brought with respect to a claim under the [Plan] after 45 days from the decision on appeal"); *Dioguardi v. Rochester Laborers Pension Fund*, 317 F. Supp. 2d 216, 220 (W.D.N.Y 2004) ("I have little choice but to find that the action is untimely and barred by the limitations period *contained in the Plan*") (emphasis added). The courts in these cases simply enforced the plan terms as written. These cases are consistent with Aetna's position that a reasonable limitations period should be enforced as set forth in the plan. Here, the Plan's "Legal Action" provision unambiguously states that participants, like Tuminello, have three years from the Plan's deadline for filing claims within which to commence a lawsuit. Tuminello failed to commence this lawsuit within that time, although he had nine months to do so after he had exhausted all in-Plan administrative remedies. After sitting idly for those nine months, he cannot now complain that the unambiguous and reasonable "Legal Action" provision was somehow unclear to him, and that it therefore cannot be enforced.

---

[2] Aetna's "MOL" refers to Aetna's Memorandum of Law in Support of its Motion for Summary Judgment, filed on July 23, 2013. (Document No. 21).

Tuminello also cites *Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284 (S.D.N.Y. 1998), in support of his contention that district courts in this circuit have used the date of a plan administrator's "clear repudiation" as the start of the limitations period. However, *Mangianaro* is inapposite. First, the Second Circuit's precedential holding in *Burke*, *supra*, supersedes the holding in *Mangianaro*. Second, the *Manginaro* court declined to apply the plan's two-year limitation period because the plaintiff did not receive a copy of the plan, and the summary plan description he received did not include a limitation of actions provision. 21 F. Supp. 2d at 293. Tuminello does not argue that he did not receive the Plan documents or that these documents did not include notice of the Plan's limitation of actions provision.

Tuminello also misleadingly quotes Aetna's MOL to argue that Aetna somehow conceded it was required to advise claimants of the applicable limitations period for an ERISA § 502(a) lawsuit in its initial adverse benefit determination letter. (Pl.'s Opp. at 10). Not only is this argument factually and legally wrong, even a cursory review of Aetna's MOL reflects that the language Tuminello quotes is from Aetna's discussion of *Novick v. Metro. Life Ins. Co.*, 764 F. Supp. 2d 653 (S.D.N.Y. 2011, which Aetna noted is "the first and only ruling in this Circuit interpreting the ERISA regulations as requiring the claim administrator to provide claimants with affirmative notice of the plan's limitation of actions period in its initial adverse determination letter. The *Novick* decision is currently being appealed to the Second Circuit." (Aetna's MOL, at 10 n. 4). Tuminello also fails to acknowledge that the holding in *Novick* was specifically rejected by the District of Connecticut and the Second Circuit in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, No. 10 cv. 1813 (JBA), 2012 WL 171325 (D. Conn. Jan. 20, 2012), *aff'd* 496 Fed. Appx. 129 (2d Cir. 2012).

### 3. Aetna's March 19, 2009 Letter Concerned Tuminello's STD Claim, Not His LTD Claim

Tuminello speciously argues that "Aetna's initial adverse determination letter" advised him that "he had one year from final denial to file suit. This clear and unequivocal date for filing an

7

action was given to Mr. Tuminello by Aetna in its initial adverse decision letter, dated March 19, 2009." (Pl.'s Opp., 10). Significantly, Tuminello confuses and conflates his claims for STD and LTD benefits in order to make this illogical argument. As Tuminello states, "[t]his action involves a dispute over the *denial of a claim for long-term disability benefits* under a disability insurance policy governed by [ERISA] and administered by [Aetna]." (Pl.'s Opp., at 2) (emphasis added). Aetna's March 19, 2009 letter, which forms the basis of Tuminello's alleged confusion, clearly does not pertain to his LTD claim, but only concerns his STD claim. At the top of the letter, the "Re:" line indicates that this letter pertains to a "Short Term Disability Claim Denial." (Ex. D at 613). The letter further explains that Tuminello's "claim for short term disability ('STD') benefits *under the Bank of America STD Plan . . .* is denied for the reason(s) described below." (*Id.*) (emphasis added). The letter further explains the STD Plan's administrative appeal process and deadlines, and advises Tuminello that if he disagrees with Aetna's final determination, he has "the right to bring a civil action under section 502(a) of ERISA" and that he "must file the action in court within one year of the date of the final denial of your claim." (*Id.* at 613-614). Tuminello filed a claim for LTD benefits on November 15, 2010, after Aetna had advised him in a letter dated August 9, 2010, that his STD benefits had only been approved through May 31, 2009. (SOF, ¶12; Ex. D at 625). Thereafter, Aetna advised Tuminello of its denial of his LTD claim by letter dated November 21, 2010.[3] (SOF, ¶¶22-23, Ex. D at 471-472). This letter explained the LTD appeal process and advised Tuminello that he was entitled to a review of Aetna's decision if he did not agree with it, and listed the information that should be included in his written request for a review. (Ex. D at 471). The letter further advised Tuminello that "[y]our plan is covered by [ERISA]. If you do not agree with the final determination upon review, you have the right to bring a civil action under section 502(a) of

---

[3] As noted in Aetna's moving papers, it appears that this letter was misdated November 21, 2010, and was actually issued on December 21, 2010. (SOF, ¶22; Ex. D. at 396).

8

ERISA." (*Id.*). Following Tuminello's appeal of Aetna's denial of his LTD claim,[4] Aetna advised him, by letter to his counsel dated February 9, 2012, that it had upheld its initial adverse determination on appeal and that he had the "right to bring a civil action under section 502(a) of [ERISA]." (SOF, ¶¶25-26; Ex. D at 481-482). Neither Aetna's initial adverse LTD benefit determination letter dated November 21, 2010 or its appeal uphold letter dated February 9, 2012, advised Tuminello that he had one year from the date he exhausted the LTD Plan's administrative appeal process to commence a lawsuit concerning his denied LTD benefit claim. While Tuminello now argues that Aetna's March 19, 2009 letter caused confusion, it is clear that this argument is entirely without merit. Tuminello admittedly had the governing Plan documents in which the Plan's limitations period is clearly and unambiguously written. Moreover, Tuminello was represented by experienced ERISA counsel by no later than August 6, 2009, when he filed an appeal of Aetna's partial denial of his short-term disability claim. (Ex. D at 542-543). Consequently, his effort to manufacture confusion, where none existed, should be rejected outright and given no further consideration by this Court.

### B. Promissory Estoppel Does Not Apply

Tuminello argues that Aetna's March 19, 2009 letter, which pertains to his entirely separate STD claim, and which is dated almost two years before Tuminello even applied for LTD benefits, should be found to constitute a "promise" upon which he justifiably relied to his detriment. This argument is legally and factually meritless.

In order to establish a claim of promissory estoppel, Tuminello must demonstrate: (1) a promise; (2) reliance on the promise; (3) injury caused by the reliance; and (4) injustice if the promise is not enforced. *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 172 (2d Cir. 2005) (citation omitted). An ERISA plaintiff "must adduce not only facts sufficient to support the four

---

[4] Tuminello never appealed Aetna's decision to terminate his STD benefits effective as May 31, 2009.

basic elements of promissory estoppel, but facts sufficient to satisfy an extraordinary circumstances requirement as well." *Id.* at 172-173 (citing *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 85-86 (2d Cir. 2001). An example of such extraordinary circumstances is where an employer uses severance benefits to induce a plaintiff to retire in order to prevent him from obtaining other benefits he would have otherwise been entitled to receive. *Devlin*, 274 F.3d at 86 (citation omitted)). The Second Circuit explained that in ERISA cases, a plaintiff must establish a promise that should reasonably be expected to induce action or forbearance. *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 79 (2d Cir. 1996). Here, Aetna's March 19, 2009 STD denial letter cannot be reasonably construed as a "promise" with respect to the administration of Tuminello's entirely separate claim for LTD benefits under a different Plan. Moreover, even if the March 19, 2009 letter could be construed as a promise (which it is not), Aetna could not have reasonably anticipated that nearly three years later, Tuminello (and his attorneys) would rely upon it and then wait until the last possible day to commence a lawsuit to recover LTD Plan benefits based on this purported "promise." Indeed, Tuminello not only failed to appeal the termination of his STD benefits, but he also failed to commence any action within one year of Aetna's denial of his continuing STD claim. Tuminello's argument that promissory estoppel should apply based on the STD denial letter, to vitiate the operation of the LTD Plan's "Legal Action" provision, is meritless and must be rejected because he cannot establish that he reasonably relied to his detriment on any promise made by Aetna concerning his LTD benefit claim.

## **CONCLUSION**

For the foregoing reasons, Aetna respectfully requests that the Court enter an Order granting summary judgment in Aetna's favor, dismissing Plaintiff's Complaint with prejudice and awarding Aetna any other and further relief it deems just and proper.

Dated:  New York, New York
September 3, 2013

Respectfully submitted,

/s/Michael H. Bernstein
MICHAEL H. BERNSTEIN (MB 0579)
JULIE KIM (JK 5700)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Telephone:  (212) 422-0202
Facsimile:  (212) 422-0925
Sedgwick File No. 00322-008165
*Attorneys for Defendant*

To:

Scott Riemer
Riemer & Associates LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

Marc S. Whitehead
Marc Whitehead & Associates, LLP
5300 Memoriam Drive, Suite 725
Houston, Texas 77007
(713) 228-8888
marc@marcwhitehead.com

**CERTIFICATE OF SERVICE**

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT AETNA LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served via ECF on September 3, 2013, upon the parties listed on the Notice of Electronic filing:

Scott M. Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Tel.: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead
MARC WHITEHEAD & ASSOCIATES, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Tel.: (713) 228-8888
Email: marc@marcwhitehead.com

/s/Julie Kim
JULIE KIM (JK 5700)

Dated: New York, New York
September 3, 2013

i