UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH TUMINELLO,                          Civil Action No.: 13 CIV 938 (KBF)(JCF)

                Plaintiff,

   -against-                                   DOCUMENT
                                                       ELECTRONICALLY FILED
AETNA LIFE INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------X

---

# DEFENDANT AETNA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY

---

                                                          SEDGWICK LLP
                                                          *Attorneys for Defendant*
                                                          Aetna Life Insurance Company
                                                          225 Liberty Street, 28th Floor
                                                          New York, New York 10281
                                                          Telephone: (212) 422-0202
                                                          Sedgwick File No. 00322-008165

Michael H. Bernstein
Julie Y. Kim
    *Of Counsel*

NY/1272892v1

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND ....................................................................................................................................2

ARGUMENT ..........................................................................................................................................3

    1.    Interests of the Plaintiff ...........................................................................................................4

    2.    Interests and Burden on Defendant .........................................................................................6

    3.    Interest of the Court .................................................................................................................7

    4.    Interest of Persons Not Party to the Civil Litigation ...............................................................7

    5.    The Public Interest ...................................................................................................................8

CONCLUSION .......................................................................................................................................8

CERTIFICATE OF SERVICE ..............................................................................................................10

NY/1272892v1

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan*,
  572 F.3d 76 (2d Cir. 2009) ..................................................................................................... 5

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................................................ 3

*Consolidated Edison Co. of N.Y. v. U.S.*,
  30 F. Supp. 2d 385 (S.D.N.Y. 1998) ...................................................................................... 4

*Estate of Heiser v. Deutsche Bank Trust Co. Ams.*,
  No. 11 Civ. 1608 (AJN)(MHD), 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) .................... 3

*Grand River Enterprises Six Nations, Ltd. v. Pryor*,
  No. 02 Civ. 5068 (JFK), 2004 WL 2480433 .......................................................................... 4

*Hargroves v. The City of New York*,
  Nos. 03 CV 1668 (RRM)(ALC), 03 CV 3869 (RRM)(ALC), 03 CV 4646 (RRM)(ALC),
  2010 WL 3619542 (E.D.N.Y. Sept. 10, 2010) ....................................................................... 8

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  133 S.Ct 1802 (Mem) (Apr. 15, 2013) .................................................................................... 6

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  496 Fed. Appx. 129 (2d Cir. 2012) ........................................................... 1, 2, 3, 4, 5, 7, 8, 9

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  No. 12-729, 2012 WL 6560829 (Dec. 11, 2012) .................................................................... 6

*Hicks v. City of New York*,
  268 F. Supp. 2d 238 (E.D.N.Y. 2003) ................................................................................ 3, 7

*Jock v. Sterling Jewelers, Inc.*,
  738 F. Supp. 2d 445 (S.D.N.Y. 2010) .................................................................................... 8

*Kamikazi Music Corp. v. Robbins Music Corp.*,
  534 F. Supp. 69 (S.D.N.Y. 1982) ........................................................................................... 4

*Kappel v. Comfort*,
  914 F. Supp. 1056 (S.D.N.Y. 1996) ....................................................................................... 4

*Karimona Investments, LLC v. Weinreb*,
  No. 02 CV 1792, 2003 WL 941404 (S.D.N.Y. Mar. 6, 2003) .................................................7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................................3

*LaSala v. Needham & Co., Inc.*,
  399 F. Supp. 2d 421 (S.D.N.Y. 2005) ...................................................................................4

*Maldonado-Padilla v. Holder*,
  651 F.3d 325 (2d Cir. 2011) ..................................................................................................3

*N.Y. State Thruway Authority v. Level 3 Communications, LLC*,
  734 F. Supp. 2d 257 (N.D.N.Y. 2010) ..................................................................................8

*Order of United Commercial Travelers of Am. v. Wolfe*,
  331 U.S. 586 (1947) ...............................................................................................................5

*Pippins v. KPMG LLP*,
  No. 11 Civ. 0377 (CM), 2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) ..............................8

*Somoza v. Pechnik*,
  772 N.Y.S.2d 2 (1st Dep't 2004) ...........................................................................................5

*Stargate Enterprises v. Williams Electronics*,
  No. 86 Civ. 2561 (JMC), 1986 WL 15565 (S.D.N.Y. Sept. 16, 1986) ...............................6

*Surabian v. Picard*,
  No. 13 Civ. 935 (JGK), 2013 WL 2636020 (S.D.N.Y. June 13, 2013) ..............................4

*U.S. v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*,
  811 F. Supp. 802 (E.D.N.Y. 1992) .......................................................................................7

## Statutes

Employee Retirement Income Security Act of 1974,
  29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA") ..........................................................1

ERISA § 502(a)(1)(B) ...................................................................................................................2

## Rules

Federal Rules of Civil Procedure, Rule 56 .................................................................................2

**PRELIMINARY STATEMENT**

Defendant Aetna Life Insurance Company ("Aetna") respectfully submits this memorandum of law in opposition to Plaintiff's motion to stay proceedings in this action. Plaintiff Joseph Tuminello ("Tuminello") alleges in his Complaint that Aetna wrongfully denied his claim for long-term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA"). Aetna insured LTD benefits under the Plan and also administered claims for benefits pursuant to a grant of full discretionary authority in the governing Plan documents. Aetna moved for summary judgment on grounds that Tuminello's lawsuit is time-barred by the Plan's limitation of actions provision, which required him to commence this action within three years from the date proof of loss was due. Tuminello has now moved to stay all proceedings in this case pending resolution of an appeal pending before the Supreme Court in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129 (2d Cir. 2012). The sole issue to be decided by the Supreme Court concerns the question of when a statute of limitations accrues for judicial review of an ERISA disability benefit determination. Although this issue is relevant to Aetna's pending motion for summary judgment, it does not require a stay. In fact, Aetna respectfully submits that a stay of proceedings is unnecessary in this case because the governing law is well-established in the Second Circuit, and the balance of factors weighs in favor of expeditiously proceeding with resolution of this case. As such, Tuminello's motion should be denied.

In the Second Circuit, it is well-settled that an ERISA plan provision limiting a participant's time to file a civil action to recover plan benefits is enforceable as long as the limitation period is reasonable. Courts in other jurisdictions have similarly held such plan provisions enforceable. The Fourth Circuit is the only circuit to hold otherwise, and is clearly an outlier. The *Heimeshoff* appeal is expected to resolve this outlier position taken by the Fourth Circuit. Notwithstanding the pending

1

*Heimeshoff* appeal, this case is ripe for adjudication and should proceed instead of unnecessarily delaying resolution to await a decision that is unlikely to affect the outcome of this action.

In deciding whether to stay a case pending an appeal in a related case, courts generally weigh five factors: (1) the interests of the plaintiff in proceeding expeditiously with litigation; (2) the private interests and burden upon the defendant, (3) the interest of the court; (4) interest of persons not parties to the litigation; and (5) the public interest.  The balance of these factors in this case weighs against granting a stay of proceedings.

Aetna's motion for summary judgment can be decided by the Court based on well-settled principles of law that have been consistently applied by the Second Circuit and district courts in this circuit.  Although the *Heimeshoff* case addresses a similar issue, there is no ground to stay this case pending the Supreme Court's ruling in this case. In the Second Circuit, the governing law is well-established with respect to this issue and there is no uncertainty in the law in this circuit that the *Heimeshoff* decision can be expected to resolve. Tuminello's motion should therefore be denied in all respects.

## BACKGROUND

Tuminello's action seeks to recover LTD benefits from Aetna under ERISA § 502(a)(1)(B). (Complaint, ¶¶1, 6).  On July 23, 2013, Aetna filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on grounds that Tuminello's action is time-barred by the Plan's "Legal Action" provision, which requires claimants to commence a lawsuit to recover Plan benefits within three years of the deadline for filing claims.  (Document Nos. 17-21).[1]  In its motion for summary judgment, Aetna demonstrated that Tuminello's time to commence this action expired on November 5, 2012.  (Document No. 21).  Because Tuminello did not file the Complaint in this action until February 8, 2013, the action is time-barred and must be dismissed.  (*Id.*)

---

[1] "Document No." refers to documents electronically filed in this case, as recorded on the Court's docket.

After Aetna filed its motion for summary judgment, Tuminello filed this motion to stay proceedings on August 7, 2013. (Document Nos. 24-25). Tuminello seeks an order staying all proceedings in this action until the Supreme Court issues a decision in *Heimeshoff*, which is set for oral argument on October 15, 2013.

As discussed in greater detail in Aetna's pending motion for summary judgment, the law governing the applicable limitations period for a claimant to commence a lawsuit to recover benefits under an employee welfare benefit plan governed by ERISA is well-settled in the Second Circuit. The Supreme Court's ruling in *Heimeshoff* is not expected to alter the established case law in this circuit and therefore, a stay is unnecessary and unwarranted.

## ARGUMENT

The court has discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, because a stay is "an intrusion into the ordinary process of administration and judicial review," the party seeking a stay bears the burden of establishing that the circumstances justify the exercise of the court's discretion to stay proceedings. *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011). A stay of a civil case is "an extraordinary remedy." *Hicks v. City of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (citation omitted). Tuminello has failed to meet this burden and, accordingly, his motion to stay further proceedings in this action should be denied.

In determining whether to enter a stay pending an appeal in a related case, courts have frequently applied a five-factor test, which looks to: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Estate of Heiser v. Deutsche Bank Trust Co. Ams.*, No. 11 Civ. 1608 (AJN)(MHD), 2012 WL 5039065 *2 (S.D.N.Y. Oct.

17, 2012) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).  These factors are applied on a case-by-case basis with the basic goal of avoiding prejudice. *Id.*; *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (citing *Kappel*, 914 F. Supp. at 1058).  The balancing of these five criteria in this case weighs against granting Tuminello's motion to stay proceedings.

> 1.  **Interests of the Plaintiff**

Where, as here, the plaintiff is the party seeking to stay proceedings, courts do not apply the first *Kappel* factor.  *LaSala*, 399 F. Supp. 2d at 428 ("Courts are generally reluctant to stay proceedings because they are concerning with vindicating the *plaintiff's* right to proceed with its case. Therefore, when a plaintiff seeks a stay, a court is not concerned with plaintiff's need to vindicate its rights.") (citations omitted).  *See also Grand River Enterprises Six Nations, Ltd. v. Pryor*, No. 02 Civ. 5068 (JFK), 2004 WL 2480433 *3 ("The first [*Kappel*] factor is not at issue because plaintiffs request the stay.").

Tuminello contends that he would face "comparable injury" if this case is not stayed because the Court could grant Aetna's pending motion for summary judgment resulting in dismissal of his lawsuit with prejudice. (Pl.'s Br., 7).  It is evident that Tuminello seeks a stay because he hopes that the Supreme Court's ruling in *Heimeshoff* will create new law more favorable to his case.  However, this is not an appropriate basis for granting a stay.  *See, e.g., Kamikazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 69, 73 (S.D.N.Y. 1982) (denying motion to stay pending decision on appeal where movant's "assertion of prejudice is based solely upon its expectation of appellate reversal").  *See also Surabian v. Picard*, No. 13 Civ. 935 (JGK), 2013 WL 2636020 *1 (S.D.N.Y. June 13, 2013) (denying motion to stay where no prejudice would result in absence of stay).  When a district court decides to stay an action, "it presumably concludes that the parallel litigation will be an adequate vehicle for the complete resolution of the issues between the parties." *Consolidated Edison Co. of N.Y.*

*v. U.S.*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998). *See also Somoza v. Pechnik*, 772 N.Y.S.2d 2, 3 (1st Dep't 2004) ("A stay of one action pending the outcome of another is appropriate only where the decision in one will determine all the questions in the other, and where the judgment in one trial will dispose of controversy in both actions; this requires a complete identity of parties, cause of action and the judgment sought.")

The current Second Circuit law governing the enforcement of plan-prescribed limitations periods in ERISA cases is well-settled, albeit not favorably for Tuminello. In this circuit, courts will enforce a plan's limitation of actions provision as long as it is reasonable. *Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009) (holding that "a court must not 'rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous,' . . . as is the policy-prescribed limitations period at issue here.") (Citation omitted). *See also Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). Indeed, other circuits similarly apply this rule. *See, e.g., Burke, supra* ("We join the Fifth, Sixth, Seventh and Eighth Circuits in upholding written plan terms including limitations periods which may begin to run before a claimant can bring legal action") (citing cases in other jurisdictions).

In support of his motion to stay proceedings, Tuminello speculates about the gamut of potential outcomes in *Heimeshoff*, and argues that one possible outcome favorable to his position is that the Supreme Court may rule that a "reasonableness standard" should be applied, regardless of the written plan terms. (Pl.'s Br., 7). Significantly, however, this is already the standard that is currently applied by Second Circuit courts evaluating whether a plan's limitations period is enforceable. As such, Aetna's motion for summary judgment can be decided before the Supreme Court issues a decision in *Heimeshoff*. Tuminello further suggests that in deciding *Heimeshoff*, the Supreme Court could "also rule that notice of the actual date of the statute of limitations be required on denial letters, or that appropriate tolling of the statute is required for appeal periods." (*Id.*).

That ruling is not likely to be issued because the Supreme Court denied Heimeshoff's petition for review of this question. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, No. 12-729, 2012 WL 6560829 (Dec. 11, 2012) (Petition for Writ of Certiorari). The Court accepted only Heimeshoff's first question for review and denied the request for review concerning the notice issues Tuminello raises in his motion. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 133 S.Ct 1802 (Mem) (Apr. 15, 2013). Thus, these issues which were specifically rejected by the Supreme Court will not be the subject of the decision on appeal, and therefore, provide no basis for a stay of this action.

Tuminello essentially argues that he will be prejudiced by proceeding with this litigation before *Heimeshoff* is decided because there is a remote chance that the Supreme Court may issue a decision more favorable to his position in this case that is contrary to the existing well-settled Second Circuit case law concerning the enforceability of ERISA plan-prescribed limitations periods. However, there is also the more likely possibility that the Supreme Court will affirm the Second Circuit's holding and Tuminello will be in the same position he is in now, if not a worse position. What is apparent from Tuminello's motion is his appreciation of the fact that this matter is time-barred under current Second Circuit law and that he is hoping the Supreme Court will issue a ruling that will help him avoid dismissal. That sort of hope is not a sufficient basis upon which the Court can or should grant a stay. *See, e.g., Stargate Enterprises v. Williams Electronics*, No. 86 Civ. 2561 (JMC), 1986 WL 15565 *4 (S.D.N.Y. Sept. 16, 1986) ("Although a stay at this time might well suit Williams' particular litigation strategies, it would not be proper for the Court to grant a stay when the standards it must apply in exercising its discretion do not require it.").

    2.    **Interests and Burden on Defendant**

Tuminello argues that "[i]t could be a substantial waste of resources for the parties and the Court to move forward with the Defendant's summary judgment motion if the Supreme Court rejects the legal standard sought to be applied by Defendant." (Pl.'s Br., 4). However, the motion is

fully briefed and the court's consideration of the motion would not impose any additional burden on the parties.  Moreover, Aetna's current financial condition does not inform an analysis of the relative interest and burdens that a stay would impose on the parties.  There would be no burden imposed on Aetna if the litigation proceeded without delay and an imposition of a stay would unnecessarily delay litigation, tipping the balance in favor of proceeding expeditiously with litigation.

### 3. Interest of the Court

The convenience of the court is best served by discouraging motions to stay.  *Hicks*, 268 F. Supp. 2d at 243 (citing *U.S. v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 808 (E.D.N.Y. 1992)).  Courts have an interest in efficiently resolving litigation.  *Id.* (citing *Karimona Investments, LLC v. Weinreb*, No. 02 CV 1792, 2003 WL 941404 *2 (S.D.N.Y. Mar. 6, 2003)).  As discussed above, the law governing Aetna's motion for summary judgment is settled in this circuit, and Aetna's motion for summary judgment may be decided by the Court without awaiting a decision in *Heimeshoff*.  Thus, this factor weighs against granting Tuminello's application for a stay of proceedings.

### 4. Interest of Persons Not Party to the Civil Litigation

This lawsuit concerns Tuminello's claim for LTD benefits under the Plan.  There are no persons not party to this litigation whose interests should carry weight in determining whether Tuminello's request to stay proceedings should be granted.  Tuminello notes that amicus briefs have been filed in support of Heimeshoff, but these groups have an interest in the outcome of the *Heimeshoff* case, not in the instant litigation.  To the extent that the court finds that these groups have interests affected by the stay of this litigation, such interests are counterbalanced by the interests of the entities filing amicus briefs in support of Respondent Hartford Life and Accident Insurance Company in *Heimeshoff*.  Accordingly, this factor should bear no weight on the determination of Tuminello's motion to stay.

### 5. The Public Interest

Tuminello fails to demonstrate how the public interest weighs in favor of granting a stay in this action. Instead, he states that the "Supreme [Court] decision in *Heimeshoff* will have far reaching implications to the thousands of ERISA disability claimants who seek judicial review of their denied claims each year." (Pl.'s Br., 11). The public interest in *Heimeshoff*, however, is unrelated to whether the public interest favors a stay in this case, which is currently ripe for determination. Aetna has moved for summary judgment and Tuminello has filed his opposition to that motion. The law governing the legal issue presented in Aetna's motion for summary judgment is well-settled in this circuit. The public interest is best served by promoting expeditious resolution of lawsuits that are ripe for determination, as this case is. *See, e.g., N.Y. State Thruway Authority v. Level 3 Communications, LLC*, 734 F. Supp. 2d 257, 270 (N.D.N.Y. 2010) ("the valid litigation already in this Court should not be held hostage to an administrative process that is not proceeding with all deliberate speed, especially when there is a public interest in prompt adjudication of a plaintiff's claims"); *Hargroves v. The City of New York*, Nos. 03 CV 1668 (RRM)(ALC), 03 CV 3869 (RRM)(ALC), 03 CV 4646 (RRM)(ALC), 2010 WL 3619542 *3 (E.D.N.Y. Sept. 10, 2010) (stating that "the public is best served by resolving this dispute expeditiously"); *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 449 (S.D.N.Y. 2010) ("Sterling identifies the public interest in prompt resolution of litigation, which is a concern that this Court emphatically shares"). *See also Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM), 2011 WL 1143010 *6 (S.D.N.Y. Mar. 21, 2011) (denying motion to stay, noting that "[p]ublic interest also favors the swift resolution of claims alleging violations of the FLSA").

## **CONCLUSION**

For the foregoing reasons, Aetna respectfully requests that the court deny Plaintiff's motion to stay proceedings in this action. Aetna alternatively requests that if the Court grants Plaintiff's

motion to stay, that all proceedings in this action should likewise be stayed pending the Supreme Court's ruling in *Heimeshoff*.

Dated: New York, New York
September 5, 2013

          Respectfully submitted,

          /s/ Michael H. Bernstein
          MICHAEL H. BERNSTEIN (MB 0579)
          JULIE KIM (JK 5700)
          SEDGWICK LLP
          225 Liberty Street, 28th Floor
          New York, New York 10281-1008
          Telephone: (212) 422-0202
          Facsimile: (212) 422-0925
          Sedgwick File No. 00322-008165
          *Attorneys for Defendant*

To:

Scott Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead
MARC WHITEHEAD & ASSOCIATES, LLP
5300 Memoriam Drive, Suite 725
Houston, Texas 77007
Telephone: (713) 228-8888
Email: marc@marcwhitehead.com

**CERTIFICATE OF SERVICE**

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT AETNA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY** was served via ECF on September 5, 2013, upon the parties listed on the Notice of Electronic filing:

Scott M. Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
Email: sriemer@riemerlawfirm.com

Marc S. Whitehead
MARC WHITEHEAD & ASSOCIATES, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: (713) 228-8888
Email: marc@marcwhitehead.com

/s/ Julie Kim
JULIE KIM (JK 5700)

Dated: New York, New York
September 5, 2013